ESSEX,
*March*,
1842.

French
*v.*
Steele.

---

JOHN M. FRENCH *v.* JAMES STEELE.

Where the complaint, in an *audita querela*, is traversed, and a verdict found for the complainant, the court cannot render judgment for the defendant, notwithstanding the verdict.

In such case, if the complaint is defective, a motion in arrest should be made to test its sufficiency.

*Semble.* Such motion should be made in the county court, and cannot be entertained in the supreme court.

AUDITA QUERELA, to vacate a judgment and execution.

The complaint was in substance as follows : that at the county court begun and holden at Guildhall, within and for the county of Essex, on the third Tuesday of December, 1837, the defendant recovered judgment in an action of book account, upon the report of auditors, against the complainant, for the sum of ninety seven dollars and seventy five cents debt or damages, and for the sum of seventy one dollars and fifty eight cents costs of suit ; that, at Guildhall, on the 22d day of January, 1838, the defendant, for a valuable consideration, executed and delivered to the complainant an agreement, under his seal, covenanting that the defendant would take the Ezra Carter farm, so called, of one hundred and twelve acres, situated in Bloomfield, at the appraisal of Thomas Burnside of its true value in cash, and that the amount the said farm should be appraised at should be applied on an execution in favor of the defendant, against the complainant, issued on the aforesaid judgment, provided the complainant, at the time the same should be appraised as aforesaid, should convey the title to said land to said Steele, by a good deed, duly executed and delivered to said Steele

by the complainant, with a covenant to warrant and defend the same to the defendant, his heirs and assigns, against the lawful claims and demands of any person or persons whomsoever; that, on the 23d day of January, 1838, the said Burnside viewed and examined the said Carter farm, and appraised it at the sum of $192.00, as its true value in money, and made a certificate thereof under his hand; that on the 25th day of January, 1838, at said Guildhall, the complainant made his deed of said premises in due form of law, containing a covenant of warranty against claims of all persons, conveying said farm to the defendant, and then and there notified the defendant of said appraisal, and showed him the certificate thereof, signed by said Burnside, and tendered said deed to him in satisfaction of said judgment and execution, notwithstanding the appraisal of said land exceeded the amount of the judgment and execution; that the defendant refused to receive said deed; that the complainant was still ready to deliver said deed, and that he had made no other conveyance of said farm; that, notwithstanding the complainant had complied with said agreement, on his part, and satisfied said judgment and execution, as aforesaid, the defendant had taken out a writ of execution on said judgment, in due form of law, dated December 26, 1837, and delivered it to the constable of Bloomfield to serve and return, and that the complainant was in danger of having his property attached and sold thereon.

The defendant pleaded not guilty, and issue was joined to the country.

On the trial in the county court, the complainant gave in evidence the contract set forth in his complaint, and proved that he procured the land therein described to be appraised by said Burnside, who made a certificate of the appraisal, as set forth in the complaint, which certificate was also introduced as testimony, but the defendant was not notified of the time of the appraisal, and was not present when Burnside viewed the land, and had no knowledge thereof. The complainant further proved that on the 28th of January, 1838, he executed and tendered to the defendant such a deed of the land as was specified in said contract; that the defendant refused to accept such deed, and subsequently took out an execution on said judgment, and was proceeding to levy it

when the writ in the present suit was served. The existence of the judgment was admitted.

Upon these facts the county court directed a verdict for the complainant. The defendant moved for a judgment in his favor, notwithstanding the verdict, and thereupon the county court rendered a judgment for the defendant.

The complainant excepted to the decision.

*Wm. Heywood, Jr.*, for complainant.

1. The defendant cannot move for judgment, notwithstanding the verdict, when the verdict passes for plaintiff upon an insufficient declaration. The most the defendant can have is an arrest of judgment, if the declaration is insufficient. *Smith* v. *Smith*, 4 Wend. R. 468. *Schermerhorn* v. *Schermerhorn*, 5 do. 513.

2. The agreement made by the defendant to take land in payment of the judgment, and the tender of the deed in compliance with that agreement, operate as a payment of the judgment. *Bryant* v. *Gale*, 5 Vt. R. 416.

3. It was not necessary that the defendant should have notice of the time of the appraisal of the land. *Galusha* v. *Sinclair*, 3 Vt. R. 394. *Gilman* v. *Thompson*, 11 do. 643. *Blanchard* v. *Brooks*, 12 Pick. R. 47. No notice is necessary to be given of the executing of an *elegit*. 2 Saunders' R. 68, f, note 2.

Defendant, *pro se.*

Two questions are presented by this bill of exceptions for the consideration of this court.

I. Could the bond, executed by the defendant, if the condition *had* been performed by the complainant, operate as a payment and discharge of the execution and judgment, without an acceptance on the part of the defendant ?

II. Did the complainant comply with and perform the condition of the bond according to the letter or spirit of the condition ?

1. The complainant did not bind himself to convey the farm, nor was the deed accepted by defendant, nor was it a superior contract, superseding and extinguishing the old one, nor was it an accord and satisfaction. *Bryant* v. *Gale*, 5 Vt. R. 416, and authorities there quoted.

2. We contend that, from the authority of the case in 5 Vt. R. 416, and the cases there cited, the execution of the bond, even had the condition of it been fully and fairly performed, would have no such effect. The principles established by the decision of the courts in the authorities there cited, when applied to the facts in this case, justify the decision of the county court to which the plaintiff excepts.

3. An award must be complete and give mutual remedies. Here is an entire want of mutuality. The defendant could maintain no action on that contract. It is not signed by the complainant. And, by the contract, it is entirely optional with the complainant whether he will deed or not. If the land had been appraised at only ten dollars, however much the defendant might desire a deed, the complainant was under no obligation to convey. There must have been an acceptance by the defendant, or the agreement could not be regarded as a satisfaction of the execution and judgment. Caldwell on Arb. 45. 5 Johns. R. 392.

4. In an action on the judgment, the defendant could not even avail himself of this matter in bar.

5. If the complainant had performed the conditions upon which the defendant covenanted to discharge his debt, and the defendant had refused to do it, if complainant had any remedy it must have been by an action on the bond or agreement.

6. The distinction between the case at bar and that in 5 Vt. R. is most manifest. *Here* the complainant has not covenanted nor agreed to perform any act or condition precedent. *Here* is no substituting one contract for the other, that would give the defendant any right of action in any court.

7. It can be regarded only in the nature of a proposition. It is neither accord and satisfaction, nor a substitution of one contract for another.

As to the second question.

1. The condition of the bond required that the deed, to be executed by the complainant, should be executed at the same time the land should be appraised.

2. The case shows that the complainant procured an *ex parte* appraisal of the land, January 22, 1838, and the deed was not executed until January 28, 1838. Here was an

omission to comply with the terms of the bond or agreement. The defendant was under no obligation to accept the deed unless executed and delivered at the time stipulated in the contract. 'The complainant or Burnside was bound to give notice to defendant of the time of the appraisal. From a careful examination of the contract, it is most manifest that it was the intent of the parties that each should be present at the appraisal. The land was situated in Bloomfield, and the deed was to be delivered at the time of the appraisal. How could this be done unless the parties were present at the time and place? A decision was to be made by Burnside in which each party had an interest, and we contend that the decision could not be binding on a party without notice. In all judicial decisions the party having no notice or opportunity of being heard would not be bound by the decision. The same principles are adopted which have induced legislative bodies to guard and protect the rights of all persons who are to be bound by a decision, requiring that notice should be given to the party to be affected by it,—as in the application for roads, partition of estate, proving wills, assessing taxes, appraising land used for roads, &c. And we contend, by the common law, notice should be given in cases like this.

The greatest fraud and injustice would prevail were this reasonable rule to be disregarded. A different or other lot might be shown the appraiser. False representations might be made to influence his judgment, and other appliances resorted to, to effect the object of a dishonest party, and induce a most erroneous and unjust result.

The proceedings of a probate court, appointing a guardian, were held void if notice was not given, although notice was not required by statute. 4 Mass. R. 222.

3. The bond or contract requires that complainant should convey to defendant the title of the land, by good deed duly executed and delivered, &c. Complainant is not merely to execute and deliver the deed, but before he would be entitled to a judgment on his *audita* he would be bound to show, in this case by proof, that at the time he executed the deed to defendant he *had* a title to the land in fee.

The bill of exceptions states no such fact, and unless the tendered and refused deed *conveyed* the title, the complain-

ant did not perform the condition precedent, and had no pretence of any claim on the defendant. He was as much bound to prove that the deed conveyed the title as that he tendered the deed.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It appears, from the exceptions, that the plaintiff brought a writ of *audita querela* to be relieved from an execution in favor of the defendant, Steele, against him, which he alleged had been satisfied by a certain sealed contract, set forth, and a tender of a deed in pursuance of the terms thereof. On the trial, the plaintiff having offered evidence in support of his complaint, the county court directed a verdict for the plaintiff, but rendered a judgment for the defendant, on his motion, notwithstanding the verdict. This proceeding of the county court is considered erroneous. Where a declaration is defective, or if, in this case, the complaint did not entitle the complainant to relief, the defendant should have demurred, or, if he proceeded to trial and a verdict passed against him, he might have moved in arrest of judgment, in which case no cost would have been taxed for either party, and the defendant could have proceeded with his judgment and execution.

A judgment, *veredicto non obstante*, is never rendered for a defendant where he traverses the declaration. It is rendered for a *plaintiff* when a verdict is found for the defendant on a plea confessing the action but setting forth a defence insufficient to bar the action, and which clearly shows that in any way of pleading the defendant has no merits. On the same principle it would seem that if a sufficient defence is pleaded and the plaintiff by his replication confesses the defence, but sets forth in avoidance matter wholly insufficient and immaterial, which is traversed, though the issue be found for the plaintiff, judgment should be rendered for the defendant. But the authorities are otherwise. *Smith* v. *Smith,* 4 Wend. 468. *Schemerhorn* v. *Schemerhorn,* 5 Wend. 513. The judgment in such a case will only be arrested and the court may award a repleader if they think proper.

The court have not been agreed whether the complaint sets forth sufficient to show a satisfaction of the judgment

recovered by the defendant, Steele, against the complainant, so as to entitle the latter to a judgment on the verdict. No motion in arrest was filed in the county court, and such a motion is never filed in this court, nor do we ever determine upon the sufficiency of a declaration or plea unless the question has been raised in the county court. Our duty is, strictly, to review their judgment. Whether the plaintiff, by an amendment of his declaration, or the defendant, by the introduction of further proof, can obviate the difficulties which have been urged in argument, on either side, must depend on the future proceedings to be had in this case. We only decide that the judgment of the county court must be reversed, the verdict, which was found in the county court, set aside, and the cause remanded to that court for trial.