Lapham v. Briggs.

---

ASA LAPHAM v. WILLIAM P. BRIGGS.

*Pleadings. Statute of limitations. Promissory notes, when not recoverable under the money counts and when attested so as to be sueable for fourteen years. Records and judgments of other states.*

A bill of particulars, or specification of the plaintiff's claim, under a general count in debt, for money had and received, is not to be regarded as a part of the declaration for the purposes of the subsequent pleadings; but only as a limitation upon the plaintiff's proof.

A plea of the statute of limitations of six years, is a sufficient answer to a general count in debt for money had and received; and, if a witnessed note is offered in evidence under such a plea, to such a count, the advantage of the fourteen years limitation is thereby waived.

Lapham *v.* Briggs.

Under such a count the plaintiff cannot recover upon a promissory note, if the defendant can prove that he was a mere surety and did not have the money upon it. RED-FIELD, CH. J.

If a promissory note is signed by two or more, a witness thereto, if there be but one, must have been present and signed as a witness to the execution of the whole note, to allow an action to be brought upon it at any time within fourteen years.

Several counts or pleas cannot be answered by an averment that they are all the same matter set forth in some particular one, and then making a good plea or replication to that one, unless it be in form and substance good as to all the counts or pleas.

A replication is bad which professes and attempts to contradict a record by matter *in pais.*

The record and the judgment of a court of any of the other states, is by the constitution of the United States, entitled to the same faith and credit in this state, that it is by law entitled to in the state where rendered : and the question as to the jurisdiction of such court is conclusively determined by its record construed according to the law of its own state.

If, to an action of assumpsit or debt on a promissory note, the defendant plead a former recovery thereon, by the plaintiff, in a court of another state ; the plaintiff, to escape from the effect of such a judgment, must show a want of jurisdiction upon the face of the record according to the laws of the state in which the judgment was rendered.

The right of a person, against whom a judgment has been rendered by default, and without notice in fact, or an appearance in his behalf, to urge any matter in defence of a suit on that judgment, which would have availed him in the original suit, does not render such judgment a nullity.

DEBT. The declaration counted generally upon an indebtedness for money had and received ; but by a specification filed after the entry of the suit, the plaintiff stated his claim to be upon a promissory note dated November 26, 1828, for six hundred dollars, payable on demand, with interest, to the plaintiff or bearer, signed by Daniel P. Lapham & Co., a firm of which the defendant was, at that time, a member, and by one Benjamin Briggs, and attested by one R. R. Briggs. The defendant filed several pleas in bar, of which, the following resulted in issues of law, viz :

The *fourth* and *sixth,* which averred that the plaintiff's action was not commenced within fourteen years after the cause of action accrued by the execution and delivery of said note, and that the cause of action did not in any way accrue within six years next before the commencement of the suit. Replication, that the action was commenced within fourteen years after the accruing of the cause of action, with conclusion to the country, to which the defendant demurred specially.

The *tenth* plea averred that the said promissory note was signed and executed by the said Benjamin Briggs, whose name appears as a maker to said note, but that the execution of the same by the said Benjamin Briggs was not attested or witnessed; and that the cause of action did not accrue within six years;— to this plea the plaintiff demurred specially.

The *seventh, eighth, ninth,* and *eleventh* pleas which averred, in different forms, the commencement of a suit by the plaintiff against the defendant, for the same cause of action, in the court of common pleas for the county of Berkshire, in the commonwealth of Massachusetts, of which the defendant was duly notified, and in which a judgment was recovered by the plaintiff, according to the laws of Massachusetts, *as by the record thereof* would more fully appear, and that said judgment remained in full force, &c. Replication to the seventh and eighth pleas together, and also to the ninth and eleventh,— that said suit was commenced by attaching property only, and that it was prosecuted and judgment obtained thereon without any notice or appearance by the defendant, or any of the other signers of said note, concluding to the country;— to all of which the defendant demurred specially.

The several special causes of demurrer sufficiently appear in the opinion of the supreme court, so far as they are material to any questions decided by them.

The county court, September Term, 1852,— POLAND, J., presiding,— decided that the defendant's *tenth* plea was insufficient, and that the replications to the *fourth, sixth, seventh, eighth, ninth,* and *eleventh* pleas were sufficient; to which decisions the defendant excepted.

The remaining pleas, resulting in issues of fact, were, as follows, viz:

*First, nil debet.*

*Second,* That the cause of action did not accrue within six years. Replication,— that D. P. Lapham & Co. and Benjamin Briggs executed to the plaintiff the note described in the plaintiff's specification, which was signed in the presence of Robert R. Briggs, and by him as an attesting witness thereto; and that, on the 31st of May, 1836, the said D. P. Lapham & Co. paid to the plaintiff $500,00 in part satisfaction, and then and there, within fourteen

years before the commencement of this suit, promised to pay the balance, which is the indebtedness counted upon in said declaration. Rejoinder,— that said note was not signed by said Benjamin Briggs and D. P. Lapham & Co. in the presence of said Robert R. Briggs, nor did the said Robert R. Briggs attest to the signing of the said note by the said Benjamin Briggs.

*Third* and *fifth*, That the cause of action did not accrue within fourteen years.

The issues arising upon the above pleading, were tried by the court, May Term, 1854,— POLAND, J., presiding. The note described in the specification was offered and objected to, but admitted, and from the testimony introduced, the court found the following facts. At the date of the note, the defendant was one of the firm of Daniel P. Lapham & co.; the note in suit was given for money borrowed of the plaintiff for the use of the firm, and used in their business; was signed with the partnership name by the said Daniel P. Lapham, and by the said R. R. Briggs as a witness to the signature of the firm; and was subsequently signed by Benjamin Briggs, the said R. R. Briggs not being present or witnessing his signature. On the 31st May, 1836, D. P. Lapham paid to the plaintiff five hundred dollars on said note. There had been no new promise, except by said payment.

Upon these facts, the court decided that the plaintiff was entitled to recover the balance due on said note. Exceptions by the defendant.

*Geo. F. Edmunds* for the defendant.

*Peck & Harvey* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.—I. We think the bill of particulars, or specification of plaintiff's demand, filed in the case, is not to be regarded as a portion of his declaration for the purposes of the subsequent pleadings. It is only operative in limiting the plaintiff's proof on trial of the issues of fact. This point is expressly so decided in *Dibble* v. *Kempshall*, 2 Hill 124, and upon the most satisfactory grounds, as it seems to us. And if we could in the present

case regard the specification as a part of the declaration, it would seem to show a misjoinder of the parties upon the face of the declaration, and no excuse for it.

II. We think the plea of the statute of limitations of six years is a sufficient answer to the only count relied upon at the trial, that of a general count in debt, for money had and received. And when the plaintiff gives a witnessed note in evidence under such a count, he waives all the advantage which he might have in a suit upon the note, as to the statute of limitations.¯ It then becomes a claim, or suit, for money had and received merely. And if the defendant can prove that he was a mere surety, and did not have the money, it defeats the recovery upon such a count, where the note is relied upon as evidence, although it would amount to nothing in defence of a suit upon the note. So, too, in regard to the statute of limitations, it is made, in terms, to apply to the action, and not to the evidence. The statute is not, that in all actions where the plaintiff seeks to recover upon a witnessed note, but in all "actions upon promissory notes in writing, attested by one or more witnesses," which this surely is not. This is now an action of debt upon simple contract, and as such, by the express terms of the statute, required to be brought within six years. By § 17, c. 28, Comp. Stat., the right of review is taken away "in any suit brought by a sheriff, &c., on any receipt or writing obligatory," for property attached, and it has always been held, that, if the sheriff bring trover for the property, and do not count *upon the writing*, the case is reviewable.

III. The specification, too, shows a joint note of Lapham & Co. and Benjamin Briggs, and to be so witnessed as to come within the statute allowing an action to be brought within fourteen years, the witness, if there be but one, must have been present, and signed as a witness to the execution of the whole note. The finding of the facts stated in the second bill of exceptions does not, therefore, meet the issue. The issue, too, on this declaration, was immaterial, and it would possibly have been the duty of the court, when they tried the issue of fact, to have given judgment for defendant, notwithstanding their finding, but this has been questioned where the court find for the plaintiff on the proof, and there is no express admission on the record of the plaintiff's having no good cause of action.

The point is in doubt on the authorities. *French* v. *Steele*, 14 Vt. 479. Perhaps it should be treated as a mistrial. But as the pleading stood upon the facts found, the issue was in effect found for the defendant. But even in such a case, we should accord a *venire de novo* and a repleader, if the party desire it.

IV. In strictness, the plaintiff probably cannot answer the defendant's pleas by saying they are all the same matter, set forth in some particular one, and then making a good replication to that one, unless the replication is in form and substance good, as to all the pleas. The same rule, *mutatis mutandis*, applies to the answer to several counts in a declaration. But this goes only to the form of the replication to the second plea of a former recovery.

V. The replication to the pleas of the former recovery, upon the same cause of action, is apparently bad. A plea of a former recovery by domestic judgment, ordinarily need not alledge notice to the defendant in the suit. But here it is the plaintiff in the suit in Massachusetts who is attempting to get rid of its effect, and the defendant who is insisting upon it as a *merger*. It is pleaded, as a judgment recovered, upon notice to the defendant, according to the law of Massachusetts, and that this appears of record. The replication is altogether of matters *in pais*, and professes to contradict the record, as set forth in the plea, which, as it is not denied, must be regarded as the correct description of the record. And in thus attempting to contradict the record by matter *in pais*, which must, of course, if admissble, and denied, be referred to the jury for trial, it seems to us, the replication is faulty. We do not regard the decisions of the state courts, as to the effect of the judgments of the several state courts, as altogether reconcilable, either with themselves or those of the national tribunal. Nor do we propose to discuss them, except incidentally, regarding the decisions of the United States supreme court as of paramount authority upon this subject.

But upon general principles, if the matter were *res integra*, it would seem that the record and the judgment of the Massachusetts court must be allowed the same force and effect here which they have in the place of their origin. The United States constitution provides, that "full faith and credit" shall be given to them, which can fairly import nothing less, and nothing more, probably, than

such faith and credit as they are by law entitled to, in the place where rendered. And the act of Congress being almost contemporaneous, may fairly be regarded as an interpretation and exposition of this clause of the constitution. And this provides, in terms, that it "shall have such faith and credit given to it, as it has by law or usage in the courts of the state from whence taken." This is too explicit to admit of much cavil. Accordingly, in *Mills* v. *Duryee*, 7 Cranch, 481, which is the authoritative exposition of the subject by the court of last resort, it is distinctly declared that *nil debet* is no proper plea; that the record is that of a judgment between the parties, and the proper plea is *nul tiel record.* And in *Hampton* v. *McConnell*, 3 Wheat. 234, Chief Justice MARSHALL says, "that the judgment of a state court should have the same *credit, validity* and *effect* in *every other court in the United States which it had in the state where it was pronounced, and that whatever pleas would be good thereon in such state, and none others*, could be pleaded in any other court in the United States." This is declared to be the doctrine in the case of *Mills* v. *Duryee*, and the court do not seem inclined to debate the matter further. Thus the matter still remains in the national tribunals. And unless we are prepared to carry the question of state rights to the embarrassing length claimed in some recent cases, and demand a co-ordinate power in the state courts to put their own construction upon the several provisions in the United States constitution, without regard to the decisions of the national tribunal of last resort, this would seem to be an end of the controversy.

I know the principle of submitting the authoritative exposition of the United States constitution to the national tribunals is one which, theoretically, might lead to abuse and injustice of the rights of the states. And the same thing is true of all authority committed to any earthly tribunal. It is supposable that the state courts may adopt such rules of construction of the power of the state legislatures as to infringe seriously upon personal liberty. But there is no peaceable, law-abiding remedy. The thing must, in the nature of things, be submitted to, in order to subsist in the political and social state, and is not ordinarily attended with any serious practical evils. We have, to combat such possible abuses, the freedom of public opinion, the freedom of speech and of the

press, the right of suffrage, and the general power of correcting abuses by legislation, and the alteration of the fundamental law of the state. And all these failing, there remains the last resort,— those reserved rights of forcible resistance to tyranny and misrule and administrative abuse, which however horrid the spectacle may be to contemplate, are undoubtedly a necessary check upon the boldness and usurpations of those who exercise authority in free governments, as well as in more arbitrary ones.

And if it is the theory of our political organization that the delegated national functions are first to be measured out by the national tribunals, and that there is no other mode of determining their limits, those refinements and evasions which many of the state courts have attempted, in order to exempt certain classes of judgments in the courts of the other states from the dominion of the rule laid down in *Mills* v. *Duryee* can avail nothing, and it would be of little moment to discuss them here.

( It may, perhaps, be admitted, that a judgment presupposes two parties, within the jurisdiction of the court, giving such a judgment. But by the United States constitution and statute, and the decisions of the national courts, the question of the jurisdiction of the state court is conclusively determined by the record of the state court construed according to the law of that state.) To apply any other rule to the subject, is virtually to claim a co-ordinate power in the state courts, each to determine for itself what force it will allow to the records and judicial proceedings of other states. And this has never been claimed, in terms, although some of the decisions of the state courts, made since those above referred to in the United States supreme court, seem to proceed upon some such ground as to all cases where the defendant is not served with process within the state, or does not appear in the case. But this, it seems to me, is putting that class of judgments upon the same ground we do foreign judgments, and that we have no sufficient warrant for so doing, if we profess to follow the United States constitution and laws, but upon this latter view we are bound to treat every record from another state as a record here, having the same force and effect it does by law in the state where made, not only as to questions affecting the merits, but those only going to jurisdiction. I

3

do not find that this very question has been determined in this state, or in the United States supreme court. But in the opinion of PRENTISS, J., in *Hoxie* v. *Wright,* 2 Vt. 269, it seems to be implied that the decisions of the United States supreme court, if followed, make the record of all judgments in other states the same as those of this state, in the words of the learned judge, that "*the principle asserted seems to cover the whole ground.*" And the decisions of the state courts which have attempted to exclude that class of cases, where there was no appearance of defendant, or service of process upon his person within the state, from the operation of the rules, are referred to by PRENTISS, J., as having apparently departed from the obvious import of the United States supreme court decisions upon the subject.

And the later decisions of this court certainly seem to assume a similar ground, although the very point is not determined. The case of *Boston India Rubber Co.* v. *Hoit,* 14 Vt. 92, settles the question, that the judgment of a state court is a record, and that assumpsit will not lie upon it. And that seems to be the question here, in a different form. For if this judgment is no merger of the note, assumpsit will still lie upon the note, and by parity of reasoning should lie upon the judgment, as upon a foreign judgment, leaving the defendant the opportunity to defend upon the merits. In *Newcomb* v. *Peck,* 17 Vt. 309, WILLIAMS, CH. J., says: "The record does not derive its efficacy from the fact of notice to the parties, but from its being the judgment of a court of record." In *Dimick* v. *Brooks,* 21 Vt. 569, it is held that such a record is to be judged of by the law of the state where rendered, and that it cannot be affected by averments *in pais ;* and the averments in this replication seem to be altogether of this character, and to vouch the law of Massachusetts as the basis of their force and effect. It is well settled, that to defeat the judgment of our own courts on the ground of want of jurisdiction, the defect must appear upon the face of the record, and yet it may be pleaded. *Whitney* v. *Bowen,* 11 Vt. 250. And the defence might probably be made by claiming oyer of the judgment, setting it forth upon the record, and then demurring, as in the case of any domestic judgment, as this judgment is. But that is not the course in the case of a foreign judgment, which is not estimated by the court, upon inspection, but

may even be contradicted by plea, which is not competent in the case of a domestic judgment.

It would seem to follow that unless the law of Massachusetts is different from that of this state, the plaintiff, to escape from the effect of this judgment, must show a want of jurisdiction upon the face of the record, according to the law of Massachusetts. This will certainly be so, if the constitution and the act of congress are to be regarded, and it is very much the tendency of recent decisions to regard them, which I should surely not incline to gainsay or contradict. It is true, no doubt, by the law of this state, and probably of Massachusetts and most of the other states, and perhaps upon general principles, that if this judgment was rendered, by default, and without notice in fact or the appearance of any one on his behalf, and this appears upon the record, the defendant may still be allowed to urge any matter of defence which would have availed him in the original suit. But that this renders the judgment a nullity is certainly a remarkable instance of inconsequential assumption. And especially to allow the plaintiff, who took the proceedings in Massachusetts, and who has no reason to complain that he did not proceed understandingly, to treat them as of no force, or any less force than that which the law of Massachusetts, where he voluntarily instituted them, attaches to them, would certainly be equally at variance with reason and precedent.

But if the record is wrongly made up in Massachusetts, so as to embarrass the defendant in his defence, or if the law of that state gives a greater " effect" to the proceeding, such as it appears, than is just or reasonable, it could scarcely be regarded as less than an evasion of the acknowledged interpretation of the United States constitution to attempt to give any redress in the courts of this state. The proper remedy is obviously in the court where the judgment was first rendered.

Judgment reversed, and the plaintiff allowed to amend upon the usual terms.