## COUNTY OF CHITTENDEN,

AT THE

### JANUARY TERM, 1866.

PRESENT:

Hon. LOYAL C. KELLOGG, ⎫
Hon. ASAHEL PECK,  ⎬ ASSISTANT JUDGES.
Hon. BENJAMIN H. STEELE, ⎭

---

### WALTER CARPENTER *v.* WILLIAM McCLURE.

*Pleading.   Statute of Limitations.   Promissory Note.*

Duplicity and argumentation in pleading are causes of special demurrer only, and in order to entitle the pleader to avail himself of these objections he must point out specifically in his demurrer wherein the duplicity or argumentativeness exists.

In order for a party to avail himself of the statute providing that an action may be brought on a witnessed note within fourteen years, he must declare specially on the note, but need not allege that the note was witnessed. The fact that it was witnessed may be replied when made material by the defendant's plea. Therefore where the declaration counted specially upon a note but did not allege it was witnessed and the defendant pleaded the statute of limitations of six years,

Carpenter *v.* McClure.

and the plaintiff replied that the note was witnessed and the action brought within fourteen years, &c., it was held that the replication was no departure from the declaration.

But as the declaration also contained a general count and the plea was pleaded to the whole action, the replication, which professed to answer the whole plea as to both counts, was no answer to the plea so far as it was pleaded to the general count, and was therefore insufficient.

Where the defendant pleads a plea in bar of the whole declaration, consisting of several counts, if the plaintiff has matter that is a good answer to the plea so far as relates to one count only, he may reply it in answer to that count, and by a separate replication answer the plea in some other way as to the other counts.

ASSUMPSIT upon a promissory note, and also the common counts for work and labor, money had and received, &c. The defendant pleaded the general issue, and gave notice of special matter in defence, and also several special pleas in off-set, and also pleaded the statute of limitations. To which plea of the statute of limitations the plaintiff replied, that the note was a witnessed note, and had not run fourteen years, to which replication the defendant demurred specially.

The court at the April Term, 1864, PIERPOINT, J., presiding, over-ruled the demurrer and adjudged the replication sufficient,—to which decision the defendant excepted. The substance of the pleadings is set forth in the opinion of the court.

*Wing & Lund*, for the defendant.

I. The replication should set forth an estoppel, or confess and avoid, or traverse the plea. 1 Chitty Pleadings, 680. This does neither. Although it commences and concludes the same as a replication, the body is in form and substance a new declaration upon a new cause of action. It does not deny anything alleged in the plea, neither does it set out one of the exceptions to the running of the statute, and is consequently no answer to it.

II. The replication should follow the original declaration, other-wise the demurrer reaches it. 1 Chitty Pleadings, 681 ; Gould's Pl. 453. This does not. It sets up a contract of a different class, one entirely different in its legal effect, and different in its mode of proof. 1 Greenl. Ev. § 569. Had the defendant here pled that the cause of action did not accrue within fourteen years, it would have been demurrable, as being no answer to the declaration. Then can it be said that the replication supports the declaration and fortifies it?

Again the statute only applies when the action is brought upon a witnessed note. G. S. 443, § 10 ; *Lapham* v. *Briggs*, 27 Vt. 26. It cannot be made available under the common counts. *A fortiori* when the plaintiff declares specially upon the note, as one not witnessed, as he has done in this case, and then added the common counts, for there would be a variance between his declaration and his proof in a material point.

*Jeremiah French*, for the plaintiff.

The defendant demurs to the replication on the grounds, 1. That it is a departure from the plea. 2. That it is a departure from the declaration. 3. That it is argumentative. 4. That it is double.

I. As to the departure. The law is well settled that where the defendant pleads the statute and the plaintiff relies upon matter which brings his case within any of its exceptions he *must* reply such matter specially. 1 Chitty's Pl. 583 ; *Perkins* v. *Burbank*, 2 Mass. 81 ; *First Mass. Turnpike Co.* v. *Field*, 3 Mass. 201 ; *Worp* v. *Smith*, 20 Johns. 33 ; *Clark* v. *Hougham*, 2 B & C. 149 ; *Bragg* v. *Fletcher*, 20 Vt. 351. There is no more a departure in this case than there is in every case where the replication avoids the plea. He could not demur because the bar was well and formally pleaded. Neither could he traverse the plea, for under the issue formed by a traverse the facts must have been found against us and the suit have been barred. We could not regularly have replied in any other manner than we have. Certainly no principle of law obliged us to anticipate the defendant's plea in the declaration by declaring upon the note, *as a witnessed note*. The defendant might not have pleaded the statute at all.

But it may be claimed that under the decision in *Lapham* v. *Briggs*, 27 Vt. 26, the general count being in the declaration, and the plea going to the whole action, the replication is not good. To this we answer, *first*, the replication expressly avers that the action is brought to recover *only the note mentioned in the special count in the declaration*. *Second*, where to several counts in assumpsit the defendant pleads the statute in bar of the action, a replication that the promise in any particular count is within an exception in the statute, is good. *Perkins* v. *Burbank*, 2 Mass. 31.

II. As to the last two causes of demurrer. The replication is neither double nor argumentative. But if it were the demurrer is not available. A demurrer for duplicity or argumentativeness must not only be special, but *must specially point out in what the duplicity or argumentativeness consist.* In the language of the books you must lay your very finger upon it. *Riley* v. *Parkhurst*, 1 Wils. 219; *Lampleigh* v. *Shortridge*, 1 Salk. 219; *Currie et al.* v. *Henry*, 2 Johns. 433; *Onion* v. *Clark*, 18 Vt. 363. Here the only statement is that the replication is double and argumentative. How, or in what respect is not stated.

The opinion of the court was delivered by

PECK, J. The question in this case arises upon demurrer to the plaintiff's replication. The defendant assigns for special causes of demurrer, among other things, that the replication is double and argumentative. These are causes of special demurrer only, and in order to entitle the pleader to avail himself of them he must point out specifically in his demurrer wherein the duplicity or argumentativeness exists. This the defendant has not done and therefore neither of these objections can prevail.

It is objected that the replication is a departure from the declaration. If this is so the objection is fatal. The plaintiff declares in two counts. The first count is special upon a promissory note in usual form against the maker. The second count is in general assumpsit for money had and received, &c. The defendant pleads to the entire action in a single plea in common form, that the cause of action did not accrue within six years. The plaintiff, to avoid this plea, replies that the action was commenced to recover the amount of a promissory note, describing it as in the first count of his declaration, and for no other cause; and alleging that it is the same cause of action set forth in the plaintiff's declaration and no other; and duly alleging that the note was at the request of the parties witnessed by a subscribing witness, and that the action was commenced within fourteen years next after the cause of action accrued.

It is insisted by the defendant's counsel that the replication is a departure from the declaration, for the reason that the declaration does not allege that the note was witnessed, and therefore the plea of the statute of limitations of six years was a good defence to the dec-

Carpenter *v.* McClure.

laration; and that it is not competent for the plaintiff to reply that the note was witnessed, in order to bring it within the limitation of fourteen years. It is claimed that the addition of this new feature or characteristic of the note is a departure in pleading. But the note as described in the replication is the same in fact as that described in the declaration. It is the same in legal effect, except that it comes under a different provision of the statute of limitations, which pertains solely to the remedy. The fact that the note was witnessed was not material to the sufficiency of the declaration; it was made material by the defendant's plea; it was therefore competent for the plaintiff to reply that fact to avoid the effect of the defendant's plea which was apparently a good defence. It is no more a departure than a replication to a plea of infancy, that the defendant promised after of full age to pay the debt, or that the cause of action was for necessaries. In both cases the fact replied becomes material by reason of the defendant's plea. But it is claimed that the statute gives fourteen years for the commencement of the suit, only where the action is "*brought on a promissory note signed in the presence of an attesting witness,*" and that the action is not brought upon a witnessed note within the meaning of the statute, unless the declaration not only counts specially on the note, but also alleges that the note is witnessed. It is true that to entitle the plaintiff to the benefit of this provision of the statute, he must count in his declaration specially upon the note. This was decided in *Lapham* v. *Briggs*, 27 Vt. 26. In that case the declaration was general assumpsit for money had and received and a witnessed note filed as a specification, and it was held that the action was not within the fourteen years limitation. But we think it is not necessary that the declaration should allege that the note was witnessed. If the plaintiff counts specially on the note, the fact that it was witnessed may be replied when made material by the defendant's plea. The replication then is no departure. It is true the replication contains much useless matter by way of again describing the note as described in the declaration, but this may be treated as surplusage.

This replication would be good if the plaintiff had no other count in his declaration but the special count on the note. It would clearly be bad if the declaration contained no other count than the general

count ; because to entitle the plaintiff to the benefit of the limitation of fourteen years, the action must not only be brought to recover a witnessed note, as alleged in the replication, but the declaration must count upon the note.   The case already cited is decisive of this point. The facts set forth in the replication therefore constitute a good answer to the plea so far as the plea is pleaded to the count upon the note, but no answer to the plea so far as that plea is pleaded to the general count.   The plea is pleaded to the whole action, and the replication professes to answer the whole plea as to both counts, and prays judgment of the whole action.   If the defendant had taken issue on this replication the plaintiff could have given his note in evidence under either or both counts, and thus have had the benefit of the fourteen years limitation under the general count, a right to which the law does not entitle him.

The plaintiff it is true has by his replication limited himself to a recovery upon the note, but he has not abandoned the general count, he has still reserved the right to give the note in evidence under either or both counts.   It is insisted by the plaintiff's counsel that he had a right so to reply, as the defendant pleaded one entire plea to both counts, and that if the defendant wished to avoid thus being deprived of his rights, he should have pleaded separately to each count.   But we have already said the plaintiff was not bound to anticipate that the defendant would plead the statute of limitations, and therefore allege in his declaration that the note was witnessed ; that he might reply it when the defendant by his plea had rendered it material.   The same rule applies to the defendant.   As the declaration stood, a single plea of the limitation of six years was a good answer to the whole declaration, and the defendant had a right so to plead, and was not bound to anticipate that the plaintiff would reply that the note was witnessed.   The plaintiff having matter good as a replication to the defendant's plea so far as it was pleaded to the special count on the note, and not good as a replication to the plea so far as pleaded to the other count, should have limited his replication to the plea so far as pleaded to the first count, and prayed judgment of the first count only.   We are referred to *Perkins* v. *Burbank*, 2 Mass. 81, in support of this replication.   That case as reported is in favor of the plaintiff.   The declaration was in three counts.   The

first and second counted severally upon two several promissory notes, and the other upon a special contract. The defendant pleaded in bar of the action, in common form, that the cause of action did not accrue within six years. The plaintiff replied that the promissory note declared on in the *first count* was witnessed. The replication is not set out in the report of the case, but it seems from what can be gathered from the case that the replication was pleaded generally to the whole plea as applicable to the whole declaration. The court held the replication a good answer to the plea as to the whole declaration. The consequence was the defendant was deprived entirely of the benefit of the six years limitation which he had pleaded, because the plaintiff replied that the note in the first count was witnessed. The injustice of such a decision tends very strongly to show a misapplication in that case, of the rules of pleading. The reasoning of the court is no more satisfactory than the decision. The court say of the defendant's plea, " The plaintiff could not safely demur, for the bar is substantially and formally pleaded." Again the court say, " a plea bad in part is a bad plea ;" and then go on to show that the whole plea must fail because the plaintiff answered it in part by new matter set out in the replication, that is, answered it so far as it related to the first count. It appears to me that the rule that a plea bad in part is a bad plea, should have been applied to the replication in that case, not to the defendants plea, which the court say was good when it was pleaded. The plea was a good answer to the whole declaration, and it was the replication, and not the plea that was bad in part. The replication did not answer all it professed to answer. A further reason given in that case for that decision is, that the plaintiff having one witnessed note, that mentioned in his first count, he had no other way of availing himself of it than by replying it as an answer to the whole plea as applicable to the whole action. If there is any rule of pleading in Massachusetts to that effect, it is not the English rule or the rule in this state. When the defendant pleads a plea in bar of the whole declaration consisting of several counts, if the plaintiff has matter that is a good answer to the plea as relates to one count only, he may reply it in answer to the plea so far as the plea relates to that count, and by a separate replication answer the plea in some other way as to the other counts. This is

a common practice, and is no breach of the rule against double pleading, as it presents no more issues than there are counts and distinct causes of action, and no more issues than if the defendant pleads separately to each count, and the plaintiff replies separately to each plea, which is certainly allowable.

The plaintiff in this case should have confined his replication to answering the defendant's plea so far as it related to the first count. The replication professing to answer the entire plea as applicable to the whole declaration, and being only a good answer to it as to the first count, does not answer all it professes to answer, and is therefore insufficient.

Judgment reversed and judgment that the replication is insufficient.