HENRY W. DANA *v.* WILLIAM F. McCLURE.

*Amendment. Limitations. Pleading. Witnessed Note.*

New counts by way of amendment or addition to the declaration relate back to the commencement of the suit, and operate as if they had been a part of the declaration at the outset.

A plea to a new count on a witnessed note that the cause of action did not accrue within fourteen years next before " *the filing of the new declaration,*" is bad on demurrer.

The county court has authority to allow the plaintiff to file new counts at any stage of the proceedings, even after his specifications have been filed and the defendant has pleaded, and so pleaded as to defeat the plaintiff, if limited to his original declaration. The exercise of this authority is, as to time, a matter of discretion not subject to revision by the supreme court.

The new count must be for the same cause of action which the suit was originally brought to determine, but may set up that cause in such a manner as to bring it within the terms of a statute of limitations not applicable to the original declaration.

The plea, *non accrevit infra sex annos,* is a good answer to an action of *indebitatus assumpsit,* and may not be avoided by a replication that the action is brought to collect a witnessed note.

But a new count declaring specially upon a witnessed note while the plaintiff had been seeking to collect under a general declaration does not set up a new cause

Dana *v.* McClure.

of action, although the statutory period of fourteen years had elapsed before the new count was filed, and the plaintiff may recover under his new count if fourteen years had not elapsed before the suit was commenced.

Nor does the new count revive or create by relation a cause of action. The statute of limitations merely gives the debtor special matter of defence to the *remedy*, it does not extinguish nor affect the *indebtedness* which makes the *cause of action.*

The fact that the plaintiff could never have collected the debt if not allowed to amend is a reason for granting, not for refusing him leave to file new counts.

THIS is an action of assumpsit commenced before a justice of the peace, and came to the county court by appeal, at its April Term, 1864. The court at that term adjourned April 15th. Before the justice the declaration was the general counts in assumpsit only. The plaintiff filed a specification of his claim, which described the same note on which judgment was rendered before the justice, which was a witnessed note dated October 5th, 1849, payable in six months from date ; after which, the defendant pleaded the general issue, and the statute of limitations, and a notice under the statute of special matter in defence, and filed his pleas and notice, after which the plaintiff filed a new declaration, which was a special count upon a witnessed note, which was the same note described in his specification, and which new declaration was filed May 11th, 1864, within the time allowed by the bar rule for filing new counts in appeal cases. The defendant then filed his motion to dismiss the new declaration for the causes, 1st, that it was not for the same cause of action declared upon and set out in the original declaration. 2d, that prior to the filing of the new declaration, and after one term of court had passed, the plaintiff filed a specification of his claim under the original declaration, and the defendant had pleaded to the same and filed his pleas, and that therefore the new declaration was filed out of time. At the September Term, 1864, the plaintiff abandoned his original declaration, and had his abandonment entered upon the docket, upon which the court overruled the defendant's motion to dismiss, and permitted the plaintiff to retain his new declaration,— to which the defendant excepted.

The defendant then filed the general issue and gave notice of special matter in defence, and also pleaded the statute of limitations,

to wit : that said cause of action did not arise within fourteen years next before the filing of the plaintiff's new declaration declaring upon said note as a witnessed note, and filed his pleas and notice ; to which plea of the statute of limitations the plaintiff filed a general demurrer, and upon issue joined to said demurrer, the court, at its April Term, 1865, PIERPOINT, J., presiding, sustained the demurrer *pro forma*, and held the plea of the defendant of the statute of limitations, insufficient,—to which decision the defendant excepted.

*Wing & Lund*, for the defendant.

I. 1st. Had the court power to allow this amendment? We insist not. The court cannot allow a change of the cause of action by amendment or by new declaration. *Carpenter* v. *Gookin*, 2 Vt. 495. This was most clearly a new cause of action, differing as much from the original cause as a simple contract differs from one under seal. It is so treated by the statute. See sections 5 and 10 of chapter 63, G. S. See also *Lapham* v. *Briggs*, 27 Vt. 26. 2d. The new declaration comes too late. It is true he could have had thirty days to file a new declaration, but he elected on the 3d day of May to proceed under the old, by filing his specification, and he is bound by that election. The defendant was then obliged to plead under the rule, and did plead. After this the plaintiff amends. This was too late. *Joy* v. *Walker*, 28 Vt. 442. 3d. The old and the new declaration could not stand upon the record together. Therefore the plaintiff abandoned the old and struck it from the record, which was in fact an end of the suit, and the court could not revive it by permitting a new declaration filed, therefore the motion to dismiss should have been sustained upon that ground, and judgment rendered for the plaintiff.

II. The defendant's plea filed January 9th 1865, that the cause of action did not accrue within fourteen years next before the filing of the plaintiff's new declaration, was good and should have been sustained. The fourteen years run on the note on the 5th day of April, 1864, thirty-six days before the new declaration was filed, or before there was any suit in court on the witnessed note. Then as

Dana  *v.*  McClure.

the case stood from the 5th day of April to the 11th day of May the note was barred by the statute, and he could bring no suit upon it, as there was no suit upon the note to prevent the statute running. After a right has lapsed and become extinct in fact and in law, the court has no power to revive it. But it may be said that the amendment has relation back to the commencement of the suit. This, no doubt, is the rule in many cases, but where the party has lost a right previous to the amendment, that cannot bridge the span and put new life into the claim. That rule applies only when no new liability is created by the amendment.

*Jeremiah French,* for the plaintiff.

I.  The demurrer is well taken. The plea alleges that the cause of action did not accrue " at any time within fourteen years *next before the filing of the said plaintiff's new declaration.*" The new declaration, if properly filed, has relation back to the commencement of the suit, and the action is in all respects to be treated as it would have been had the declaration originally counted specifically upon a witnessed note. If the action was not barred by the statute when the suit was commenced, it cannot now be subject to any such defence. Hence the plea is no answer to the action, provided the new declaration is properly a part of the plaintiff's pleadings. *Heath* v. *Whidden,* 29 Maine, 108 ; *Swift* v. *Vaughan,* 6 Hill, 488.

II.  The motion to dismiss the new declaration was properly overruled. See Rules of Chittenden county court.

The counsel also cited in support of the principle that as long as the plaintiff adheres to the *original instrument* on which the declaration is founded, *an alteration of the ground of recovery on that instrument or contract* is not an alteration of the cause of action. *Haskins* v. *Ferris,* 23 Vt. 673 ; *Winn* v. *Averill,* 24 Vt. 283 ; *Baxter* v. *Shaw,* 28 Vt. 569 ; *Tescott* v. *Baker,* 29 Vt. 459 ; *Hill* v. *Smith et al.,* 34 Vt. 535 ; *Nash* v. *Adams,* 24 Conn. 33 ; *York* v. *Ely,* 23 Penn. St. R. 327, cited in 16 U. S. Dig. 43, § 8.

The opinion of the court was delivered by

STEELE, J.  It is obvious that the whole question is made on the

motion to dismiss. The new count either is or is not rightfully in the case. If it is rightfully in the case, it relates back to the commencement of the suit, and the defendant's plea, that the cause of action did not accrue within fourteen years next before the *filing of the new declaration*, is bad. If it is not rightfully in the case, it should have been dismissed on the motion and the defendant not required to plead to it at all. The motion to dismiss the new count is made upon two grounds, one of which is, that the count was not filed until after the plaintiff had filed his specifications and the defendant had pleaded to the original declaration. The statute provides that " the court may *at any time* permit either of the parties to amend any defect in the process or pleadings." G. S. p. 267, § 41. The amendment in this case, being made within the time prescribed by the rules of practice in the county, must be treated as made by leave of court. The authority of the county court to allow a new count in the nature of an amendment, at any stage of the proceedings, is a matter of statute law, and the exercise of that authority is, as to time, a matter of discretion ; and neither the statute nor the discretion can be revised by this court.

The other ground of the motion to dismiss, is that this new count was not in the nature of an amendment, but for a new cause of action. The statute, which is merely declaratory of the law as it existed before, would not authorize the plaintiff to commence a new suit under the guise of an amendment. The plaintiff having declared originally in *general indebitatus assumpsit* for the purpose of collecting a promissory note, the defendant's plea, *non accrevit infra sex annos*, would under the decisions *Lapham* v. *Briggs*, 27 Vt. 26, and *Carpenter* v. *McClure*, 38 Vt. 375, have defeated the plaintiff's recovery, although the note was witnessed. The plaintiff could not have avoided the plea by replying that the action was brought to collect a witnessed note. If the note had been declared upon specially, the defendant could not have prevailed by the statute of limitations, for at that time less than fourteen years, though more than six, had elapsed since the maturity of the note. The new count was filed, declaring specially on the note, in order to enable the plaintiff to avail himself of the extended limitation of fourteen years ; but

13

Dana *v.* McClure.

before the new count was filed the period of fourteen years had also elapsed. The defendant claims that this new count, if received and if allowed, as new counts always are, to relate back to the commencement of the suit, will, in substance, revive by relation a right which was lost by limitation, and by creating a living claim out of this extinguished right, will furnish the plaintiff with a new cause of action. This proposition is not sound. The original debt was not merged in the declaration. The lapse of the statutory period of time does. not affect the cause of action. The debt does not become extinguished. The debtor may only avoid it by pleading specially a statutory limitation to an *action* upon it, which is a plea to the remedy and not to the right. The fact that the plaintiff was in such a position that, unless he was permitted to file a new count, the defendant would have been able to defeat his recovery of the debt, does not make the additional count a new cause of action, and instead of being a reason for refusing, was the best reason for granting leave to file new counts. The plaintiff brought his suit in season to save his debt from the operation of that statute of limitations which the legislature had made applicable to it, but he declared upon the indebtedness in such a manner as to enable the defendant to plead a different statute of a shorter limitation. The new count was merely to parry this defence by setting up specially the indebtedness he had already alleged generally. The defendant had acquired no vested interest in the advantage of pleading which he was improving. 1 Comyn's Digest, 465, citing *Marlboro* v. *Widmore*, 2 Str. 890 ; *Havers* v. *Bannister*, 2 Wils.7 ; 1 Bouvier's Bac. Ab., p. 256. An amendment may quite as reasonably be allowed to preclude such a statutory defence, as to perfect a declaration which is of itself insufficient, and would fail on demurrer or motion in arrest. The *cause of action* is the debt which the plaintiff was seeking at the outset to enforce, and so long as he sets up no new debt he sets up no new cause of action. We are unable to discover any tenable ground in reason or authority upon which the plaintiff could, in this case, have been denied leave to file, pursuant to the rules of practice, this new declaration.

The judgment of the county court is affirmed.