## JOSHUA FLETCHER v. M. A. MUNROE.

*Promissory Note.*   *Statute of Limitations.   Effect of . Witnessed Guaranty.*

1. The indorsement, by the maker, of a witnessed guaranty upon a promissory note within fourteen years before the bringing of the suit, is no answer to the statute of ¦limitations, when pleaded to a declaration upon the note itself.

2. Whatever the effect of such an indorsement may be as a contract in and of itself, it does not convert the original note into a witnessed note.

Special assumpsit.   The writ was dated February 13, 1886. The declaration counted upon a note executed by the defendant to the plaintiff.   The defendant pleaded the statute of limitations, to which the plaintiff replied as follows :

"That after the execution and delivery, by the said defendant, of the said promissory note, and while the same remained wholly due and unpaid, to wit, on the 22d day of February, 1872, at Middlebury, in the county aforesaid, the said defendant made and signed a written agreement of the tenor following :

'MIDDLEBURY, Vt., 22 Feb., 1872.

I hereby guarantee the payment of the within note and interest in full, providing my brother, James W. Munroe, of Waverly, Mass., does not pay the same; said note to be payable on demand.                    M. A. MUNROE.'

Which said written agreement, so made and signed by the said defendant, was then and there endorsed upon said promissory note and delivered by said defendant to the said plaintiff.

And the said plaintiff says that the said written agreement was so made and signed in the presence of James M. Slade, Jr., and J. A. Wright, who then and there, and before the delivery of said writing by the defendant to the plaintiff, at the request and in the presence of the defendant, subscribed their names to said written agreement as attesting witnesses to the signing of

Fletcher v. Munroe.

the same by the said defendant as aforesaid. By means whereof the said cause of action, in said declaration set forth, accrued to him, the said plaintiff, within fourteen years before the bringing of this suit." To this replication the defendant filed a general demurrer. The court, June Term, 1888, Royce, Ch. J., presiding, overruled the demurrer, and the defendant excepted.

*Knapp & Bliss*, for the defendant.

The declaration counted upon a note executed by the defendant to the plaintiff. The replication is no answer to the plea, unless the witnessed agreement therein set up converted the original note, as of the date of the agreement, into a witnessed note. It did not and could not, for it has none of the elements of a promissory note about it. 7 Wait's Ac. & Def. 249; Angell on Lim. s. 107.

Unless the effect of the memorandum was to so transform the original note, the plaintiff cannot get the benefit of it in this suit, for he must count specially upon the note. *Carpenter* v. *McClure*, 38 Vt. 375; *Lapham* v. *Briggs*, 27 Vt. 26.

The Massachusetts courts proceed upon the theory that the indorsement created a new note.

*Hard & Cushman*, for the plaintiff.

By the indorsement the defendant did not guarantee his own note. He simply gave life to it for an additional period of fourteen years. The word "guarantee" was equivalent to promise. *Com. Ins. Co.* v. *Whitney*, 1 Met. 21; *Gary* v. *Bowden*, 23 Pick. 282.

The opinion of the court was delivered by

VEAZEY, J. Plaintiff's counsel contend that the indorsement on the note, signed by the defendant and witnessed, was in and of itself a promissory note, and being such, the replication setting out this indorsement made good answer to the plea of the statute of limitations, and cites *Com.* v. *Whitney*, 1 Metc. 21. In that case there was a memorandum on the margin of the original note in these words: "November 4th, 1831. For value

Fletcher *v.* Munroe.

received I hereby acknowledge this note to be due, and promise to pay the same on demand," which was signed in the presence of an attesting witness. In that State the statute provided as follows : " None of the foregoing provisions " (the statute of limitations) " shall apply to any action brought upon a promissory note which is signed in the presence of an attesting witness." The court held that such memorandum was itself a promissory note within the statute. That case was assumpsit for money had and received, not a special declaration on the original note. In Massachusetts it seems that such a declaration is sufficient in order that the plaintiff may avail himself of the statute quoted. In Vermont the rule is different ; and here it is held that to entitle the plaintiff to the benefit of a like provision of our statute he must count in his declaration specially upon the note. *Carpenter* v. *McClure*, 38 Vt. 375 ; *Lapham* v. *Briggs*, 27 Vt. 26. It is not necessary to allege that the note was witnessed. That fact may be replied when made material by the defendant's plea.

In the case at bar the plaintiff replied to the plea, not that the note declared upon was witnessed, but, as he claims it, another witnessed note. In Massachusetts it is not held that the witnessed marginal or indorsed memorandum made the original note a witnessed note. Whether the indorsement constituted a promissory note within the statute relied upon, R. L. s. 961, it is not necessary to consider, for if it was, it cannot avail the plaintiff in this action, as he can recover only on the note declared upon, and that was barred by the statute of limitations, which was pleaded, and the replication of another note was no answer to the plea.

*Judgment reversed, and judgment for the defendant for his costs, leave to replead not being asked.*