BRADLEY FERTILIZER CO.

v.

JOSEPH C. CASWELL AND AGNES I. CASWELL.

WINDSOR COUNTY, 1893.

Before: TAFT, MUNSON, START AND THOMPSON, JJ.

*Married woman. Surety for husband. Parol evidence.
Judgment notwithstanding verdict.*

1.  A wife may show by parol that she in fact signed as surety
    for her husband a promissory note which appears upon its
    face to be the joint note of herself and her husband. This
    does not vary the written contract, but shows that she has
    made no contract under No. 140, Acts 1884, which pro-
    vides that a married woman shall only become surety for
    her husband by mortgage.

2.  A judgment *non obstante veredicto* should not be rendered
    for a defendant where a general verdict has been directed
    for the plaintiff, by reason of the improper exclusion of
    certain evidence offered in defence.

Assumpsit. Trial by jury at the December term, 1892,
TYLER, J., presiding. Verdict and judgment for the plain-
tiff. The defendant, Agnes Ida Caswell, excepts.

The action was brought to recover the amount of four
promissory notes signed by the defendants, J. C. Caswell
and Agnes Ida Caswell. The defendant, Agnes Ida, who
alone defended the suit, filed a plea in bar setting forth that
the notes were signed by her as surety for J. C. Caswell,
who was her husband. To this the plaintiff replied that the
said J. C. Caswell was confined in jail upon a certified exe-

cution in its favor, and that these notes were given by the defendant, Agnes Ida, as an original undertaking to procure his release. The defendant, Agnes Ida, by her rejoinder admitted that the notes in suit were given for the purpose set forth in the plaintiff's replication, but reiterated that she signed them only as surety, and this rejoinder the plaintiff traversed.

Upon the trial the plaintiff put in evidence the notes, which were in the ordinary form of joint and several notes, payable to the order of the plaintiff, and signed by the two defendants, the name of the husband standing first.

Thereupon the defendant, Agnes Ida, offered to show by parol testimony that she in fact signed the notes as surety for her husband. This evidence the court rejected, under the exception of the defendant, and, there being no other defence, directed a verdict for the plaintiff.

After verdict and before judgment the defendant, Agnes Ida, moved for judgment notwithstanding the verdict, for that it appeared "by the allegations, admissions, and concessions in and by the pleadings in the case that said notes were given for the debt of J. C. Caswell," and that she was merely surety thereon. This motion the court overruled, and the defendant excepted.

*French & Southgate* for the defendant.

The parol evidence was admissible to show that Mrs. Caswell signed as surety. *Lathrop* v. *Wilson*, 30 Vt. 604; *Keith* v. *Goodwin*, 31 Vt. 268; *Adams* v. *Flanagan*, 36 Vt. 400.

The defendant should have judgment in the supreme court without remitting the case to the county court. *Porter* v. *Smith*, 20 Vt. 344; *Chandler* v. *Spear*, 22 Vt. 388; *Paris* v. *Vail*, 18 Vt. 284–6; *Foster* v. *Collamer*, 10 Vt. 446.

*Norman Paul* for the plaintiff.

The signer of a note cannot show by parol that he signed the note in a different capacity from that indicated by the note itself. *Brown* v. *Beebe*, 1 D. Chip. 227; *Haven* v. *Hobbs*, 1 Vt. 238; *Bradley* v. *Anderson*, 5 Vt. 152; *Claremont Bank* v. *Wood et al.*, 10 Vt. 582; *Benedict* v. *Cox*, 52 Vt. 247; *Morse, Exr.*, v. *Low, Admx.*, 44 Vt. 561; *Hakes et al.* v. *Hotchkiss*, 23 Vt. 231; *Bradley* v. *Bentley*, 8 Vt. 243; *Isaacs* v. *Elkins*, 11 Vt. 679; *Gillette* v. *Ballou*, 29 Vt. 296; *Sprigg* v. *Bank of Mt. Pleasant*, 10 Peters 257; *Bull* v. *Allen*, 19 Conn. 101; *Brown* v. *Woodward*, 54 Vt. 581; *Bank of Bellows Falls* v. *Dorset Marble Co.*, 61 Vt. 106; *Martin* v. *Marshall*, 61 Vt. 321.

The motion for a verdict was properly overruled. 1 Chitty Pl., p. 656; *Snow* v. *Conant*, 8 Vt. 301; *Stearns* v. *Clifford*, 62 Vt. 92.

MUNSON, J. It was not necessary for the defendant wife to bring herself within the rules by which the rights of sureties are ordinarily determined, as laid down in *Arbuckle* v. *Templeton*, 65 Vt. 205. It is always competent for a married woman who has signed a personal obligation with her husband to show that her relation to the obligation is that of a surety. A wife cannot become a surety for her husband's debt except by way of mortgage, and the fact that the agreement by which she undertakes to do so is in writing cannot preclude her from taking advantage of this incapacity. Testimony offered by a married woman to show that she in fact signed as a surety for her husband is not received to vary a written contract, but to show that as against her there is no contract. No. 140, Acts of 1884.

The defendant's motion for a judgment in her favor notwithstanding the verdict for the plaintiff, was properly over-

ruled. Nearly all the authorities concur in saying that such a judgment is never rendered for a defendant. It was done in *Hackett* v. *Hewitt*, 57 Vt. 442 ; but the earlier cases in this State are in harmony with the general current of authority. *French* v. *Steele*, 14 Vt. 479 ; *Stoughton* v. *Mott*, 15, Vt. 162.

*Judgment reversed and cause remanded.*