WILLARD GORDON *vs.* LUTHER TABOR.

That it is not usual for the Court in this State, to intimate to the Jury any opinion upon the weight of evidence.

That the Court's excluding evidence offered by the plaintiff, after he had pronounced himself thereon, saying it was too late, which evidence was not pertinent to the issue, is no ground for a new trial.

That the Court intimated, that the plaintiff had not made out a *prima fecia* case, and afterwards submitted to the jury what evidence there was, is no ground for a new trial.

That the Court instruct the jury to decide the cause upon the consideration of two matters only, where there are several others, that should have been coupled with them for their consideration, *is* a ground for granting a new trial.

This cause came up from the County Court upon the following Bill of exceptions, to wit :

This was a special action on the case in form of assumpsit, brought by the plaintiff, against the defendant for immoderately driving the plaintiff's horse. The plaintiff in support of his declaration introduced testimony, tending to prove, and insisting that he had proved, the following facts. That, some time in the latter part of Sept. 1830, the defendant applied to the plaintiff for the purpose of hiring a certain horse of the plaintiff, to go a journey from Grand Isle to Topsham in this State ; that the plaintiff consented to let the defendant have his horse ; that the defendant did take the plaintiff's horse and started his journey ; that the defendant went to Tobias's wharf in Grand Isle, and there took the Steam Boat, and went to St. Albans bay. Thence the defendant proceeded to the village of St. Albans, where he arrived between twelve and one o'clock of the same day; that the defendant stopped and bated, and again started on his journey between one and two o'clock. The defendant drove from St. Albans to Richmond the same

GRAND ISLE,
January,
1833.

Willard
vs.
Tabor.

afternoon, where he arrived early in the evening; that the distance between St. Albans and Richmond, where the defendant put up for the night, is between thirty two and thirty four miles; that the defendant started from Richmond the next morning, and proceeded as far as Montpelier; when the horse was first noticed to begin to falter; that the defendant after stopping a short time, proceeded again on his journey, and arrived at Topsham that evening; that the horse continued to grow worse from Montpelier to the end of the journey; and, for the last few miles, it was with difficulty, that the horse could be made to travel; that after the defendant arrived at Topsham, which was at night, of the second day, the horse continued to languish until he died. It also appeared, when the defendant arrived at St. Albans village the horse was somewhat warm and sweatty; and, while the horse was in that condition, the defendant ordered oats to be given to said horse, which was done. It was also proved, that the weather was very warm. The journey was performed in a rather heavy one horse waggon, owned by the defendant, which was occasionally used for two horses. The horse drew the defendant, his wife and their baggage on the journey. It appeared, that the horse, at the time the defendant took him from the plaintiff, was apparently sound and in good health. It was also sworn, that the road between St. Albans and Richmond was very rough and the travelling rendered slow and difficult, occasioned by a heavy rain in the month of August before, which cut up the roads and carried off many of the bridges. The plaintiff having submitted the case, and the defendant declinind to introduce any evidence, and the Court having thereupon intimated an opinion, that the plaintiff had not made out a *prima facie* case, the plaintiff offered testimony tending to prove unskillful, and improper treatment of the horse at Topsham, in administering medicine for the purpose of curing the horse, which was rejected as being offered too late.

The plaintiff then insisted, and so requested the Court to charge the jury, that from the following facts, they were at liberty to infer, that the death of said horse was occasioned by the immoderate use and driving of said horse by the defendant.

GRAND ISLE,
*January,*
1833.

Willard
*vs.*
Tabor.

The Court charged the jury in substance, that, to entitle the plaintiff to recover, it was necessary for him to shew some improper usage of the horse by the defendant, and to satisfy the jury, that the loss of the horse was owing to such ill usage. That in the absence of any direct evidence, the jury were at liberty to infer the loss of the horse from the circumstances of the journey; but, as no evidence was offered shewing the nature of the ailment or disease, which occasioned the death of the horse, it was for them to determine, whether, considering the distance performed, and the time taken for that purpose, the driving was so unusual and immoderate as to create a fair presumption, that the death of the horse was occasioned thereby. If they considered the affirmative to be true, they would find for the plaintiff, but unless they were of opinion, that the performance of the journey was such, as would create, of itself, a presumption, that it occasioned the death of the horse, they would find for the defendant. Whereupon the jury returned a verdict for the defendant. To which decision and charge of the Court the plaintiff excepts, and his exceptions are allowed.

*Argument for the plaintiff.*—1st. The plaintiff contends, that the parties are entitled to a trial by a jury. They are the sole judges of the facts; and the duty of the Court is to instruct the jury how to apply the law arising in the case, to the facts before them, and leave them to determine the cause.

In this case, though the Court did not take the case from the jury; yet they gave an opinion, that there was no evidence for them to weigh, which was in fact deciding the cause, unless the jury wholly disregarded the opinion of the Court.

2d. It is presumed, that the opinion, intimated by the Court, had great weight with the jury. And, if that opinion was erroneous, the plaintiff is entitled to another trial, as much as though the Court had stopped the cause and directed a verdict.

If the Court believed, the plaintiff had not made a *prima facie* case, they should have directed a nonsuit.

3d. The plaintiff rested his cause, at a point where the

14

GRAND ISLE, January, 1833.

Willard vs. Tabor.

Court were of opinion, he had not made a case for the jury : and, when the plaintiff offered further evidence, the Court decided, that evidence offered came too late. This decision precluded any further testimony, or further offers of testimony in this case. The question then is not as to the character of the testimony offered, but whether any should have been received after the plaintiff said he rested his cause.

4th. The Court charged the jury, that there was no evidence tending to show the ailment of the horse ; they had nothing to infer the cause of the death from, but the evidence relating to the driving, when, had the Court permitted the plaintiff to have come to the jury with his evidence, the real cause of his death would have been apparent; and might have satisfied the jury, that hard usage was the real cause of the death of the horse.

5th. The Court, in their charge, misdirected the jury, by telling them, that they were to infer the injury from the distance performed and the time taken to perform it; when the Court ought to have directed their attention to the other facts in the case.

*Argument for the defendant.*—The County Court was correct in refusing to receive evidence to prove, that the defendant was unskilful in administering medicine to the horse, on two grounds.

1st. After the plaintiff had closed his case, the Court were correct in refusing to permit him to introduce further testimony. This has been the uniform practice of the Court, and is well understood by the bar. If a different rule is to prevail, neither Court nor Bar will ever know when a case is to be submitted to the jury.

2d. It will be perceived, by an examination of the declaration, that the gist of the action is, the unreasonable and improper driving of the horse, by means of which he died. The plaintiff has not, in his declaration, complained of the defendant's want of skill in curing or doctoring. Therefore, the evidence offered is objectionable on the ground of variance. The proof offered must correspond substantially with the facts alleged in the declaration.

If the charge of the Court was incorrect, it is to be at-

tributed io the request of the plaintiff, as the Court in their charge adopted precisely the principles contended for by him.

Grand Isle,
January,
1833.

Willard
vs.
Tabor.

Hutchinson, C. J.—The plaintiff complains of being injured on the trial of this action, by a premature expression of an opinion upon the weight of evidence, by the Court, and by the Court's refusing to hear further ovidence when offered by him : and also by the instruction given the jury.

The two first points must rest so much in the discretion of the Court, that to grant a new trial on account of them, would be an innovation in our practice. And yet, we are not in the habit of expressing any opinion upon the weight of evidence. If there is none at all for the Jury to weigh, it is useless to trouble the jury with the cause. If there is any evidence upon the issue, we usually leave it to the jury without comment upon its weight. The meaning of the Court in this case, probably, was, that there was no evidence, tending to fix any blame upon the defendant.— Therefore no *prima facie* case was made out. This would clearly be correct in principle. I am inclined to the opinion, that there was some evidence, proper for the jury to weigh, as will be noticed when considering the instructions to the jury. And the Court did not take the case from the jury, but permitted it to go on to a verdict. It is true, it went under rather unfavorable circumstances, after such an intimation from the Court ; especially as such intimations are not frequent, in our Courts, unless when the plaintiff's testimony is excluded altogether.

It seems, the plaintiff offered further testimony, which was excluded by reason of its coming too late. There might be other reasons, perhaps. For that which was offered was not very direct proof of the declaration. And the plaintiff ought not to complain of a correct decision, although the reason given should not be conclusive. Nor can we anticipate what other testimony the plaintiff would have offered, or whether any at all, if the Court had not decided that he was too late in his offer. If he had offered evidence clearly pertinent to the issue, probably it would have been received, late as it was. We pass to notice the instructions given to the jury. There is but one

Willard
vs.
Tabor.

part of these instructions that are at all exceptionable; that is where the grounds of enquiry and decision are limited to time and distance, while other considerations should not be excluded. The jury were directed, " to determine, whether, considering the distance performed and the time taken for that purpose, the driving was so unusual and immoderate as to create a fair presumption that the death of the horse was occasioned thereby." They should have been instructed also to take into consideration the degree of heat then prevailing, the roughness or smoothness of the road, the weight of the waggon, the load in the waggon, the time when the horse began to fail, how much he was used afterwards, whether the symptoms of failure were such, as would render it imprudent and dangerous, to use him at all, and how long before he died, after the journey was ended. For want of the Court's allowing the jury this enlarged view of circumstances, in deciding what killed the horse, the judgement of the County Court is reversed, and a new trial is granted.

*Harrington & Hector Adams,* for plaintiff.
*Smalley & Adams,* for defendant.