Stanford *v.* Bates.

••►●◉◉◄••

JOHN STANFORD, JR., *v.* WILLIAM P. BATES.

The party, in an action of book account, may testify to distinct admissions of facts, made to him by the adverse party, although made after the commencement of the suit, and during a negotiation for a settlement, or compromise.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported, that he found due to the plaintiff $11, 28, and also reported, that, upon the trial before him, the plaintiff offered to prove, by his own testimony, as admissions of the defendant, a conversation between himself and the defendant, after the writ was served, and when the defendant was endeavoring to effect a compromise, or settlement, with the plaintiff, to avoid a law suit, and that this testimony was objected to by the defendant, but admitted by the auditor.

The county court, December Term, 1849,—POLAND, J., presid-

ing,—accepted the report and rendered judgment thereon for the plaintiff. Exceptions by defendant.

*C. W. Prentiss*, for defendant, insisted, that the admissions of the statements of the defendant was erroneous, and cited *Stranahan* v. *East Haddam*, 11 Conn. 507, *Mitchell* v. *Preston*, 5 Day 100, *Marsh* v. *Gold et al.*, 2 Pick. 285, *Gerrish* v. *Sweetser*, 4 Ib. 374, 1 Phil. Ev. 82, 83, and Cow. & H. Notes to Phil. Ev. 109, n. 196.

*J. L. Edwards* and *W. M. Dickerman*, for plaintiff, insisted, that the party, in an action upon book account, may testify to admissions made by the adverse party,—citing *Reed* v. *Talford*, 10 Vt. 568,— and that evidence of the admission of any independent fact is receivable, though made during a treaty of compromise,—citing 1 Greenl. Ev., sec. 192, *Mount* v. *Bogert*, Anthon 190, 1 Greenl. Ev. 245, n., and *Thompson* v. *Austen*, 2 D. & R. 358.

The opinion of the court was delivered by

POLAND, J.     The case of *Reed et al.* v. *Talford*, 10 Vt. 568, establishes the doctrine, that, in an action on book account, a party may testify to the admission of the other party.

It is objected, however, in the present case, that the defendant's admission (to which the plaintiff was permitted to testify) was made after the commencement of the suit, and when the defendant was endeavoring to make a compromise, or settlement, with the plaintiff, in order to avoid a law suit. It is now well settled, that a mere offer, or proposition, made by a party to his adversary for the purpose of effecting a settlement of a suit, is not receivable in evidence, as an admission of any liability upon the party making such offer. It is equally well settled, also, that a distinct admission of a fact may be given in evidence against the party making it, though such admission were made during a negotiation for a settlement, or compromise. *Sanborn* v. *Neilson*, 4 N. H. 501. *Hamblett* v. *Hamblett*, 6 Ib. 333. *Marsh* v. *Gold*, 2 Pick. 284. *Hyde* v. *Stone*, 7 Wend. 354. *Thompson* v. *Austen*, 16 E. C. L. 94. In the case of *Wallace* v. *Small*, 1 M. & M. 446, [22 E. C. L. 355,] it was held by Lord TENTERDEN, that an offer of a specific sum, by way of compromise, was admissible in evidence, unless accompanied with a caution, that

the offer was confidential.   But this decision has frequently been
doubted, and has not, in this country at least, been followed.   It
does not appear from the report of the auditor, what the defendant's
admissions were, to which the plaintiff was permitted to testify; and
the objection is based upon the broad ground, that all admissions,
made during the pendency of a negotiation for a settlement, are in-
admissible.   This, as we have seen, is not maintainable; and as it
does not appear, that the admission proved was of that class, which
is excluded, the county court were correct in giving the plaintiff
judgment on the auditor's report, and the same is affirmed.