CARR & BLANCHARD v. TIMOTHY MANAHAN.

*Deposition. Evidence. Verdict. Exceptions. Waiver.*

The caption stated that the "deposition was taken at the request of Carr & Blanchard, in which cause Carr & Blanchard are plaintiffs." This was the style of the plaintiffs' partnership, and by this name the suit was instituted. *Held,* that the caption was sufficiently certain, and a substantial compliance with the statute.

Where the defendant puts in evidence which varies the case as it stood when the plaintiff rested, he thereby waives a motion that the plaintiff become nonsuit, made when the plaintiff rested, and his exception to the overruling of the motion.

The court properly refused to order a verdict for the defendant, as there was evidence tending to prove that the defendant purchased and became responsible for the liquor in question. (See statement.)

In a suit against the father for liquors sold and delivered—but the business was conducted mainly by the son, and the father denies his own interest and liability, and the evidence tended to show that the father was interested and the liquors were used and sold for his benefit, or the joint benefit of both—it was *held* that an application for a license to sell, during the time plaintiffs' account accrued, purporting to be signed by the father,—but the signature was in the handwriting of the son,—was admissible as evidence in chief, as well as to contradict the son, for the purpose of showing that the father had an interest in the business.

GENERAL ASSUMPSIT to recover for certain bills of liquors claimed to have been sold by the plaintiffs to the defendant. Plea, general issue. Trial by jury and verdict for the plaintiffs, Sept. term, 1871, ROYCE, J., presiding.

It appears that the plaintiffs were wholesale liquor-dealers residing and having their place of business in the city of New-York.

The plaintiffs offered as evidence the deposition of Heman A. Blanchard, one of the plaintiffs. The defendant objected to the admission of said deposition, for the reason that the Christian names of the persons at whose request said deposition was taken, were not stated in the caption to said deposition. The court overruled the objection and admitted the deposition: to which the defendant excepted.

The plaintiffs then rested, and the defendant moved for a nonsuit, upon the ground that the plaintiffs had not shown a sale and delivery of the liquors. The court overruled the motion: to which the defendant excepted.

The defendant denied that he ever purchased the liquors in question, or ever authorized any one to order the liquors on his

account, and his evidence tended to show that the liquors in question were purchased by and for one Daniel Manahan, a son of the defendant, and were used in his the said Daniel Manahan's own business and for his benefit.

The plaintiffs' evidence tended to show that the defendant was interested in that business, and that the liquors were used and sold for his benefit, or for the joint benefit of the said Daniel Manahan and the defendant. The plaintiffs offered in evidence the letters referred to in the deposition of the said Blanchard. The defendant objected to the admission of said letters, upon the ground that they were not proven to have been written by the defendant, or by his direction or authority. The court excluded all of said letters except the two first, (marked Nos. 1 and 2;) and in relation to these two, the plaintiffs proved by one Weller that he was in the employ of the defendant at the time these letters were written, and wrote them by the direction of the defendant. These two letters, or orders, correspond with the two first items in the plaintiffs' specification, and the letters excluded correspond to items 3, 4, 5, 6, 7, 8 and 9 in said specification. The plaintiffs introduced one Smith as a witness, who testified that he was the agent of the plaintiffs in soliciting orders for liquors and collecting pay for the same; that he called at the place in Swanton, where said liquors were being sold, two or three times during the time the plaintiffs' account was accruing, and told Daniel Manahan when they wanted liquors to send orders for them to the plaintiffs; and the said Daniel did, subsequently to this, send orders for liquors. He also testified that he supposed during all this time that the defendant was the party who was to be responsible for what liquors the plaintiffs might send on such orders. He further testified that in July or August, 1871, he, as such agent, called on the defendant to pay the account embraced in the specification; that he showed him the account, and the defendant said that he would settle it.

The defendant introduced the said Daniel Manahan as a witness, who testified that the said liquors were bought on his account and for his benefit, and that the defendant had no interest in them nor in the business in which they were used and sold.

The plaintiffs, for the purpose of showing that the defendant did have an interest in said business, and of contradicting said Daniel Manahan, offered as evidence applications for license to sell intoxicating liquors at retail, in the town of Swanton, during the time when said liquors were sold, said applications purporting to. have been signed by the defendant; but the name of the defendant was in fact written upon said applications by the witness Daniel Manahan; and there was no proof in the case to show that this was done by the direction or with the assent of the defendant.

The defendant objected to the admissibility of said applications, but the court overruled the objection, and admitted the applications for the purpose above stated, to which the defendant excepted. There was no evidence in the case tending to show that the plaintiffs sold the liquors in question to the defendant except the evidence above alluded to. The defendant requested the court to instruct the jury that there was no evidence in the case which would warrant them in finding any sale of the liquors in question to the defendant, and that the letters or orders referred to in Blanchard's deposition not having been put into the case as evidence, and proved to have been given by the defendant, or authorized by him, the items of claim represented by said orders or letters were to be laid entirely out of the case. The court declined so to charge, but did charge the jury that, in order to entitle the plaintiffs to recover, it was incumbent upon them to show that they sold the liquors to the defendant; and that without said deposition there would not seem to be evidence in the case that would warrant them in finding that any sale of the liquors was made by the plaintiffs to the defendant. That we should naturally expect that the orders referred to in the deposition would be presented and proven as evidence, but it does not follow as a matter of course that because they are not presented and proven in evidence, that the claim is to be thrown out, inasmuch as the party has sworn generally that he sold and sent the goods. But the non-production of those orders (which would be the most satisfactory evidence that the goods were ordered and sent that it would be in the power of the party probably to produce,) affords a presumption that the orders were not sent, and that he in point

of fact had no such orders; but still the fact of their not being produced here, after the plaintiff had sworn he filled them and sent the goods, would not warrant the court in withdrawing the claim from the jury, and saying they had no right to consider it. The court further instructed the jury that they were to consider the fact whether the defendant was interested in the business in which the liquors were used or not, as tending in some degree to prove whether he ordered the liquors or not.

The said Daniel Manahan also testified that during the first year that the business was carried on, it was for the benefit of the defendant; that he then leased the premises of the defendant, and thereafter the business was conducted on his own account.

To the refusal of the court to charge as requested, and to the charge of the court, the defendant excepted.

Said Blanchard testified in substance in his deposition, that his firm of Carr & Blanchard were dealers in liquors in New York as above stated, and sold and consigned the several bills of liquors to the defendant in 1868-9, as set forth in the plaintiffs' specifications, which were filed in the case; the whole amount being $816.50, and the balance due and unpaid being $305.25. That the items of the specifications were for liquors sold on orders contained in letters sent to them through the mail, which were marked as plaintiffs' exhibits; that he attended personally to the shipping of a portion of the liquors, but could not tell which bills; that he became acquainted with the defendant in July, 1869, at Swanton, Vt., but this was after the orders were all sent out, and never had any conversation with the defendant about the sale of the liquors to him.

*Royce & Hall*, for the defendant.

*Davis & Adams*, for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, J. This was an action of general assumpsit to recover payment for several bills of liquor sold in the city of New York.

I. The deposition of Herman A. Blanchard was offered in evidence by the plaintiffs. The caption states that the " deposition was taken at the request of *Carr & Blanchard*, in which cause Carr & Blanchard are plaintiffs." The style of plaintiffs' partnership is " Carr & Blanchard" ; and by this name the suit is instituted. The caption is sufficiently certain, and a substantial compliance with the statute, as has been heretofore decided by this court.

II. When the plaintiff had *rested* his case, the defendant moved that plaintiff become nonsuit. The court overruled the motion, on the ground that plaintiff had given *some* evidence tending to show a sale, to which defendant excepted. Thereupon the defendant proceeded with evidence on his part; to which the plaintiff replied. When the case was submitted to the jury it was a different case from the one when defendant interposed his motion for nonsuit, and it was made so by the *election* of the defendant to submit evidence on his part, and thus invite the plaintiff to respond with further evidence. We think that the defendant *waived* his motion and exceptions thereto, by his election to proceed further and make *another case*.

III. The defendant excepted to the refusal of the court to order a verdict for the defendant. We think there was evidence tending to prove that the defendant purchased and became responsible for the liquors. The weight and force of that evidence was a matter solely for the jury.

IV. The plaintiff, for the purpose of showing that defendant had an *interest* in the business of selling this liquor, and of contradicting Daniel Manahan, a witness improved by the defendant, offered in evidence an application for license to sell, at retail, purporting to be signed by the defendant, but the signature was in the hand writing of the son, Daniel Manahan.

To the admission of this paper in evidence the defendant excepted.

The document was clearly admissible to contradict Daniel Manahan. And we think under all the evidence detailed in the exceptions, and the circumstances in the case, it was legally admissible as evidence in chief, under proper instructions, presumed to

have been given, by the court. The exceptions state that "the plaintiff's evidence tended to show that the defendant was interested in that business, and that the liquors were used and sold for his benefit, or for the joint benefit of Daniel Manahan and the defendant."

Smith testified that " in July or August 1871, he presented to defendant the bill of these liquors for payment, and he then said that he would settle it."

Daniel Manahan testified that during the first year the business was conducted for the benefit of the defendant ; and that after that year he leased the premises of the defendant, and conducted the business on his own account.

It is sometimes very difficult, where a business is seemingly and ostensibly conducted for the benefit of a family, to so sift the relation that the real interest of each may be reached. It is usually more natural to refer the *interest* to the father—the head of the family and the usual source of the property. And cases are not unfrequent where the *ownership* is ever in *transition* as may best delay and foil the creditor in pursuit of his pay.

In connection with this evidence we think the *manner* in which the business was conducted ; under what name and style ; under what sign ; and under what *license*, were pertinent *facts* tending to show the *character* of the business and in whose interest it was conducted.

The defendant has made the point, in his brief, that the sale of the liquors, if proved, was in.contravention of the statute of this state, and therefore void. But no such question seems to have been raised in the county court or certified into this court. This court sitting in error can only consider and correct such errors as are certified and made affirmatively to appear.

The judgment of the county court is therefore affirmed.