## DOON *v.* RAVEY.

*Practice.* *Admissions Made for the Purpose of Compromise.* *Common Counts.*

Defendant held plaintiff's promissory note, and agreed to deliver it to S. to be held as collateral security for plaintiff's other note, and finally to be given up to be cancelled; but instead thereof he applied it in payment of his own notes. *Held*, that as defendant had used it for the purposes of money for his own benefit, plaintiff might recover for its misapplication under the common counts.

Evidence of admissions made on the occasion of an attempted compromise of a pending controversy, if of a fact admitted because it *is* a fact, and not because the party admitting it is willing to *treat* it as one to effect a settlement, is admissible.

The question of the weight of evidence is for the jury. Thus, where defendant requested the court to charge in relation to the evidentiary value of the recital of consideration in a deed introduced in evidence, it was *held* that the court was not bound to express any opinion thereon.

GENERAL ASSUMPSIT. Pleas, the general issue and set-off. Trial by jury, September Term, 1876, ROYCE, J., presiding.

The item of the plaintiff's specifications in question related to a promissory note for $300, given by the defendant to the plaintiff as, in part, the difference in value between farms and other property exchanged by them, which note the plaintiff claimed the defendant had appropriated to his own use. It appeared that the price agreed upon for the defendant's farm was $2,000, of which $1,500 was to be applied as, to that extent, a payment for plaintiff's farm, and the remainder, specified in five promissory notes, one for $300, and four for $50 each, was to be paid by the plaintiff; that there was a mortgage upon the plaintiff's farm to one Miles, of whom the plaintiff bought, to secure the payment of $3,919, to procure a discharge of which, the defendant gave Miles his own mortgage notes for $3,550, and the plaintiff gave him his note for $369; and that the defendant thus paid towards the plaintiff's property $3,550 in addition to the $1,500 applied as aforesaid. The plaintiff claimed that by his agreement with the defendant, the defendant was to take the plaintiff's farm, and other property that plaintiff had had of Miles therewith, at $4,850, the sum he had paid Miles therefor, and to take other personal property for which he was to pay $500; that the two sums paid as above stated were in the aggregate $300 less than the sum the plaintiff was to receive; and that to pay that sum, the defendant agreed with him and Miles to leave the plaintiff's note for $300 with one Smith, the town clerk, for Miles, as collateral security for plaintiff's note for $369, upon payment of which, the note for $300 should be given up to be cancelled. The defendant claimed that he agreed to take the property at $4,800 only, and that he had by mistake paid the plaintiff $250 too much, which he sought to recover under his plea in set-off The defendant did not leave the note with the town clerk, but transferred it to Miles in payment upon his own notes.

The plaintiff introduced evidence to show that during a conversation had between him and the defendant after suit was brought, with reference to a compromise of the matter in dispute, the defendant said he did agree to leave the note with the town clerk,

but that he kept it to secure the excess of $250 for which he had given his note, as he claimed, by mistake.   To its admission the defendant objected, but it was admitted, and defendant excepted. The defendant introduced in evidence his deed from plaintiff, which recited a consideration of $4,800, and asked the court to charge the jury in regard to the weight of such recital as evidence. He also requested the court to charge that the plaintiff could not recover under the common counts.   The court charged that the recital of consideration in the deed, was *prima facie* evidence that the consideration therein mentioned was the true one, but refused to otherwise charge as to the weight thereof as evidence ; and charged that the plaintiff might recover under the common counts. To the refusal to charge as requested, and to the charge as given, defendant excepted.    Verdict for plaintiff.

*Noble, Davis & Smith*, for defendants, cited *Curtis* v. *Smith*, 48 Vt. 116 ; *Black* v. *Dorwin*, 12 Vt. 139 ; *Nelson* v. *Swan*, 13 Johns. 483 ; *Hoskins* v. *Wright*, 1 Henning & M (Va.) 378 ; *Sumner* v. *Brown*, 34 Vt. 194 ; *Hutterfield* v. *Howell*, 3 N. H. 201 ; *Gordon* v. *Tabor*, 5 Vt. 103 ; *Williams* v. *Thorp*, 8 Cow. 201 ; *Waldridge* v. *Kennison*, 1 Esp. 143 ; *Gregory* v. *Howard*, 3 Esp. 113 ; 1 Phil. Ev. 426 ; 2 Stark. Ev. 38.

*Geo. A. Ballard* (*Wilson & Hall* with him), for plaintiff, cited *Houston* v. *Fellows*, 27 Vt. 634 ; *Buck* v. *Kent*, 3 Vt. 99 ; *Kidney* v. *Persons*, 41 Vt. 386 ; *Scott* v. *Lance*, 21 Vt. 507 ; *Int. Bank* v. *Monleath*, 39 N. Y. 279 ; 1 Hilliard Torts, 40 *et seq.* ; Sedgw. Dam. 609 ; *Sanford* v. *Bates*, 22 Vt. 546 ; *Clapp* v. *Foster*, 34 Vt. 580 ; *White* v. *Miller*, 22 Vt. 380 ; *Harwood* v. *Estate of Harwood*, 22 Vt. 507 ; 1 Phil. Ev. 350.

The opinion of the court was delivered by

POWERS, J.   I.   Complaint is made because the court below declined to answer the defendant's request to state to the jury the weight that should be given to certain deeds in evidence.   It is insisted that the court should have told the jury, in substance, that the deeds were important evidence for them to consider.

The court is not bound to express any opinion in the charge, upon the weight of evidence offered on the trial. It is the province of the jury to judge in this behalf; and the court is not bound to answer a request to charge, unless it involves some proposition of law applicable to the evidence adduced.

II. It is claimed that the court erred in receiving proof of the admissions made by the defendant on the occasion of an attempted settlement after the suit was brought. Admissions made on the occasion of an attempted settlement, if parcel of the treaty for a compromise, and made in furtherance of the treaty, are privileged, and cannot be given in evidence against the party making them, because they are made upon a confidence and trust, and are received as such by the party to whom they are addressed. But if a party during such treaty admits a fact to be true because it *is* a fact, and not because he is willing to *treat* it as a fact for the purposes of the then pending compromise, it may properly be shown in evidence. This distinction runs through all the cases cited by the defendant's counsel. The cases are collected in the notes to Phillips on Evidence. *Stanford* v. *Bates*, 22 Vt. 546.

III. It is insisted that the court erred in holding that the item in dispute could be recovered under the common counts in assumpsit.

The verdict has established the fact that the defendant misapplied the plaintiff's promissory note—he used it to pay a debt of his own, and thus made it answer the purposes of money to his own benefit. It was the same thing as though he had paid his debt with the plaintiff's money. It is, then, to be treated as a money payment, and may be recovered in this form of action.

In *Conn. & Pass. Rivers R. R. Co.* v. *Newell*, 31 Vt. 364, a case not cited by either party, Judge REDFIELD says, "Promissory notes, bills of exchange, and bank bills, when received as money, have long been allowed to form the basis of recovery upon the common money counts."

Judgment affirmed. Execution stayed as to amount of the trustee judgment.