# FRANKLIN COUNTY,

## JANUARY TERM, 1892.

PRESENT: Ross, Ch. J., TAFT, START AND THOMPSON.

## NOYES, FRENCH & FICKETT *v.* EDWARD J. PARKER.

*Burden of proof. Instruction of court. Not bound to instruct upon immaterial issue. As to contradictory statements. Opinion as to weight of evidence. Waiver of exception. Motion in arrest.*

1.  The action being for the amount of an over-draft paid by the plaintiffs upon the draft of the defendant for certain butter, which the plaintiffs alleged had not been delivered to them, an instruction from the court that the plaintiffs' right of action depended upon whether the butter was delivered by the defendant, and that in making out their case the burden was upon the plaintiffs, sufficiently informs the jury that the plaintiffs must assume the burden of proving that the butter was not delivered.

2.  It was not error for the court to refuse an instruction that there was no evidence of fraud upon the part of the defendant, inasmuch as the question of fraud was in no way an issue in the case.

3.  Nor to refuse the instruction that "testimony tending to show that a witness had made statements out of court that contradict his testimony in court, is to be weighed with caution."

4.  The court is not bound to express an opinion as to the weight of evidence, nor is that the usual or better practice, although it may be done in such a way as not to be reversible error.

5. By introducing evidence upon his part, the defendant waives an exception to the action of the court in overruling his motion for a verdict made at the close of the plaintiffs' case.

6. A motion in arrest of judgment must be heard and determined upon the record alone; and the error so appearing must be such as would render the judgment erroneous notwithstanding the verdict.

Assumpsit. Plea, the general issue. Trial by jury at the September term, 1891, Tyler, J., presiding. Verdict and judgment for the plaintiffs. The defendant excepts.

The case appears in the opinion.

*H. C. Adams*, for the defendant.

The court should have instructed the jury that evidence of contradictory statements made out of court should be weighed with caution. 1 Greenl. Ev. s. 200, p. 237; *Malin* v. *Malin*, 1 Wend. 652; *Cleveland* v. *Burton*, 11 Vt. 138.

*Ballard & Burleson*, for the plaintiffs.

The opinion of the court was delivered by

THOMPSON, J. The defendant contends that the burden of proof was on the plaintiffs to prove that the defendant did not deliver the thirty tubs of butter either on the cars or at the railroad station, whichever the jury found the place of delivery to be, and that the court below neglected to so charge the jury. Without deciding on which party this burden rested, we think the court instructed the jury that this burden was on the plaintiffs. Some time prior to June 13, 1889, the parties made a contract by which the defendant was to sell and deliver to the plaintiffs at Georgia, Vt., either on the cars as claimed by the plaintiffs, or at the railroad station, as claimed by the defendant, two hundred tubs of butter of fifty pounds each at nineteen cents a pound. It was conceded that some time between that date and the 13th day of June, the defendant delivered to the plaintiffs one hundred and seventy tubs of butter and some cheese, and that on the last named date he drew upon the plaintiffs through the Howard

National Bank, Burlington, Vt., for $1,900, which draft was honored and paid by 'the plaintiffs. The defendant's evidence tended to show that he delivered the remaining thirty tubs of butter to the plaintiffs pursuant to his contract, before he drew the draft, while, on the other hand, the evidence of the plaintiffs tended to prove that he never delivered the thirty tubs of butter, and that consequently, there was an over-draft of $285. This action was brought to recover this alleged over-draft. In stating to the jury the case as made by the plaintiffs, the Court said : " The plaintiffs claim that $285 of the $1,900 was over-draft : that it was for thirty tubs of butter which they claim the defendant never delivered, and which they say they never received. If that is true, the defendant received $285 that did not belong to him, and the law implies a promise on his part to repay it." Thus the Court clearly stated to the jury that the plaintiff's right of recovery rested upon an implied promise which the law only raised in case the defendant had not delivered the thirty tubs of butter. The Court then stated to the jury the respective claims of the defendant and plaintiffs in regard to the delivery and non-delivery of the butter, and in connection therewith said : " The issue in this case is whether or not the defendant delivered the thirty tubs of butter. The plaintiffs having brought their suit ; the law casts upon them the burden of making out their case by a fair preponderance of the evidence. There is no technical meaning to the term preponderance of the evidence ; it simply means that the burden is cast upon them to support their claim by a greater weight of evidence than the evidence adduced against their claim by the defendant ; that is, the evidence produced by the plaintiffs must in your judgment weigh at least a little more than the evidence produced by the defendant against that claim. If the evidence, in your judgment, is just evenly balanced, the plaintiffs would not be entitled to recover. Their evidence must weigh a little more at least than the evidence on the part of the defendant. Then, with this rule in mind,

this is the question for you to determine in this case and find your verdict accordingly,—was there a delivery by the defendant of these thirty tubs of butter according to the contract between himself and the plaintiffs ? " The jury were thus clearly and specifically instructed that in order to entitle the plaintiffs to recover, they must find that the weight of evidence was in favor of the plaintiffs' claim that the thirty tubs of butter were not delivered. This exception cannot, therefore, avail the defendant.

II. It was not error for the Court to refuse to instruct the jury that there was no evidence in the case tending to show fraud on the part of the defendant. The plaintiffs did not put their right of recovery on the ground of fraud on the part of the defendant. The sole question was whether or not the defendant delivered the thirty tubs of butter according to the terms of his contract. If he had not delivered the butter, the plaintiffs were entitled to recover. If he had delivered it, the plaintiffs were not entitled to recover, although they never received it.

III. The defendant was not entitled to have the Court comply with his request to instruct the jury that " testimony tending to show that a witness has made statements out of court that contradict his testimony in court, is to be weighed with caution."

" The admissibility of evidence is a matter of *law*, but the weight or value of evidence is matter of *fact*." 1 Best Ev. (Wood's Ed.) s. 80, star page 101. The admissibility and rejection of evidence, and whether there is any evidence to go to the jury, are questions of law for the decision of the court; whether there is sufficient evidence, is for the jury. On the other hand, the decision of the facts in issue is the exclusive province of the jury. 1 Best Ev. (Wood's Ed.) s. 82, star pages 103–105. This principle is illustrated by evidence of dying declarations. It is for the Court to determine whether the declarations were made under such circumstances as to constitute

them legal evidence. When the evidence is admitted, its credibility is solely a question for the jury, who are at liberty to consider and weigh all the circumstances under which the declarations were made and to give them only such credit as on the whole they think they deserve. 1 Greenl. Ev. (12th Ed.) s. 160. This request required the court to state to the jury as a matter of law that a certain kind of testimony was to be weighed with caution. The law does not give this, nor any other kind of testimony, if believed by the jury to be true, any particular weight or lack of weight as compared with other testimony. While the court, in its discretion, may give certain cautionary instructions in regard to some kinds of testimony, in so doing, it "must be careful not to trench upon the exclusive province of the jury in determining the credibility of particular witnesses, or the degree of credit to be given to particular elements of the evidence. He may instruct them as to the *rule* but not as to the weight of the evidence; that is to say, he should not instruct them as to the relative weight of the testimony, or the credibility of the witnesses." 2 Thomp. Tr. s. 2420. In support of his contention, the defendant cites 1 Greenl. Ev. s. 200, in which the subject of verbal admissions is discussed. We do not think the learned author intended that section to be taken as a statement of a rule of law governing the weight to be given to evidence of verbal admissions. On the contrary, it is simply a philosophical discussion of the fact that such evidence is subject to much imperfection and mistake, consisting as it does in the mere repetition of oral statements, and for the reason that the party himself may either have been misinformed or not have expressed clearly his own meaning, or that the witness may have misunderstood him.

While it would have been proper for the court in its discretion to have called the attention of the jury to the infirmities which in fact often attend evidence of the alleged oral admissions of parties, or alleged contradictory statements of witnesses

out of court, yet being a matter of discretion, no exception lies to the failure of the court to give such cautionary instructions. *State* v. *Roe*, 12 Vt. 111; *Durgin* v. *Danville*, 47 Vt. 95 ; *Doon* v. *Ravey*, 49 Vt. 293.

If this request be construed to be a request for the Court to express its opinion to the jury as to the weight of the evidence in question, then the defendant's exception cannot avail him. As a general rule, the better practice is for the Court not to express any opinion to the jury upon the weight of evidence, and this is the usual course in a very large majority of cases in this State. It is not reversible error for the Court to express such an opinion if it still distinctly leaves the evidence to the jury to weigh and to draw such conclusions therefrom as are warranted by it, provided the language used by the Court in expressing its opinion, is not such as to mislead the jury in regard to their right to determine the weight to which it is entitled. Neither was it error for the Court to refuse to express such opinion. *Gordon* v. *Tabor*, 5 Vt. 103 ; *Vincent* v. *Stinehour*, 7 Vt. 62, (29 Am. Dec. 145); *Stevens* v. *Talcott*, 11 Vt. 25 ; *Gale* v. *Lincoln*, 11 Vt. 152 ; *State* v. *Roe*, 12 Vt. 111; *Yale* v. *Seely*, 15 Vt. 221 ; *Sawyer* v. *Phaley*, 33 Vt. 69 ; *Missisquoi Bank* v. *Evarts*, 45 Vt. 293 ; *Durgin* v. *Danville*, 47 Vt. 95 ; *Doon* v. *Ravey*, 49 Vt. 293 ; *Pettingill* v. *Elkins*, 50 Vt. 431 ; *Rowell* v. *Fuller*, 59 Vt. 688.

The court in substance told the jury that the statements made by the witness out of the court were not to be considered as evidence tending to prove or disprove any of the issues on trial, but that their effect was to detract from the weight which might otherwise be given to the evidence of the witness thus contradicted. It was left for the jury to find whether in fact the witness, Richards, had made contradictory statements out of court, and if it was found that he had, they were told that it was wholly in their "discretion to say how much it should bear upon his testimony given upon the stand, as contradicting or not con-

tradicting it." This was a fair statement of the law applicable to this phase of the case.

IV. When the plaintiffs rested, the defendant moved the Court to direct a verdict for him, which motion was overruled, and to this ruling the defendant excepted. By proceeding with the trial after this ruling of the Court, and introducing evidence in defence, the defendant waived this exception. To have availed himself of it, he should also have rested. *Driggs* v. *Burton*, 44 Vt. 124; *Blanchard* v. *Manahan*, 44 Vt. 246; *Latremouille* v. *Bennington & Rutland Ry. Co.*, 63 Vt. 336.

V. After verdict, the defendant filed a motion in arrest of judgment, which was overruled, and to this ruling he excepted. At common law, "judgment can never be arrested but for that which appears upon the record itself." *Pechey* v. *Harrison*, 1 Ld. Raym. 232, S. C. 1 Salk. 77; *Sutton* v. *Bishop*, 4 Burr. 2284, 2287. "Such a motion can only be made 'on account of some intrinsic defect apparent on the face of the record, which would render the judgment in the case erroneous.'" *State* v. *Carver*, 49 Me. 588, (77 Am. Dec. 275); *State* v. *Creight*, 1 Brevard 169, (2 Am. Dec. 656); *State* v. *John*, 8 Iredell's Law 330, (49 Am. Dec. 396); 1 Bouv. Law Dict. (14th Ed.) Article, Arrest of Judgment; 1 Rap. & Law. Law Dict. Article, Arrest of Judgment s. 2; 1 Blacks. Com. (Cooley's Ed.) Book III., star p. 394. In *Walker* v. *Sargeant*, 11 Vt. 329 the court say: "A motion in arrest can be sustained only for matter apparent of record, and such things as take place on trial must be placed on record by a bill of exceptions, allowed by the court, before notice can be taken thereof for reversing a judgment, for they would never be proper for a motion in arrest." In Blacks. Com. above cited, it is said: "And this is an invariable rule with regard to arrests of judgments upon matters of law, 'that whatever is alleged in arrest of judgment must be such matter as would upon demurrer have been sufficient to overturn the

action or plea. * * * But the rule will not hold *e converso*, that everything that may be alleged as cause of demurrer will be good in arrest of judgment," for certain omissions and errors are aided by a verdict. 1 Rap. & Law. Law Dict. *supra*. The rule as to the defects that shall be cured by verdict is thus stated in note (1) to *Stennel* v. *Hogg*, 1 Saund. Rep. 228, (6th Ed. with notes by John Williams, Patterson and Edward Vaughn Williams): "Where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer; yet if the issue joined be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission, is cured by the verdict by the common law : or, in the phrase often used upon the occasion, such defect is not *any jeofail* after verdict." Gould's Pl. Ch. 10, s. 13 ; 1 Chit. Pl. (14th Am. Ed.) 673 and note (1). "But where *no cause of action* is stated, the omission is not cured by verdict. For as no right of recovery was necessary to be *proved*, or could have been legally proved under such a declaration ; there can be no ground for presuming that it was proved at the trial." Gould's Pl. Ch. 10, s. 13. The defendant has not pointed out any "intrinsic defect" apparent on the face of the record, which, under the rules of law as above stated, would render the judgment of the court below erroneous, and therefore this exception cannot avail him.

*Judgment affirmed.*