## BUSCH v. SOUTH DAKOTA CENTRAL RY. CO.

In an action for cattle killed by a train, questions asked plaintiff as to whether he had not agreed with the defendant as to the value of the cattle and the amount for which he would settle were improper; offers of compromise, made with a view of settling out of court and not accepted, being inadmissible in evidence.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by J. A. Busch against the South Dakota Central Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Joe Kirby, for appellant. Krause & Krause, for respondent.

McCOY, P. J. In this case plaintiff brought suit against defendant to recover damages on account of the killing of 12 head of plaintiff's cattle by defendant's train. Verdict and judgment were in favor of plaintiff, and defendant appeals.

Plaintiff, on the witness stand, testified that the value of the cattle killed was $200, and on cross-examination testified that the

next day after the killing he sent a first notice in writing to the company of said loss, placing the amount thereof at $180, and asked that the same be paid; that he would have settled for that amount, rather than have a lawsuit; that he cut down the amount to said sum, in order to obtain such settlement. He also testified that he was acquainted with Mr. Cummings, the general superintendent. Thereupon the following questions were asked the witness: "Q. You and he [Mr. Cummings] agreed at the value of the cattle, didn't you, and the amount you would settle for?" "Q. You did agree with Mr. Cummings, didn't you, what the value of these cattle was, and that you would settle for $90, and then your counsel got hold of you, didn't he? That is correct, isn't it?" These questions were each objected to by plaintiff on the ground that the same were not proper cross-examination, and the objections were sustained, and defendant duly excepted, and now urges the ruling of the court as error. We are of the opinion that the court ruled correctly. A party has a right to buy his peace by making concessions, and the law favors the settlement of disputed claims out of court; and it is generally held, under such circumstances as are shown in this case, that offers of compromise, made with a view to settling out of court, not accepted by the opposite party, are inadmissible in evidence. Wigmore, Ev. § 1061; Jones, Ev. 293; 16 Cyc. 946. The record is not sufficient to present any other question for review or consideration.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J. While I concur in the result reached by the foregoing decision, I cannot agree that the well-established legal proposition therein referred to has any application under the facts of this case. The defendant clearly had the right to show by the plaintiff that the plaintiff had made an admission of, or agreed upon, the value of the calves killed, even if such admission or agreement was made at the time of, or in connection with, an offer of compromise. See the authorities cited in majority opinion. As was said in Doon v. Ravey, 49 Vt. 293: "Evidence of admissions, made on the occasion of an attempted compromise of a pending controversy, if of a fact admitted because it is a fact,

and not because the party admitting it is willing to treat it as one to effect a settlement, is admissible." The first question asked was clearly proper, but was immaterial, standing alone. If it had been followed by a proper question, or proper offer, and an answer to such question or proof under such offer had been refused, it would clearly have been reversible error; but the second question did not call for the agreed value of the cattle—the material fact—and it had connected to it that which made the question as a whole clearly objectionable.

SMITH, J. I concur in the views of Justice WHITING.