Orange,
March,
1842.

Battles
v.
Town of
Braintree.

CURTIS BATTLES v. TOWN OF BRAINTREE.

The selectmen may agree with the owner of land on the amount of damages to be paid to him before opening a road through his land, and draw an order therefor.

The owner of the land is not precluded from claiming damages by reason of any parol agreement made between his grantor and the selectmen, waiving damages, if the road has not been opened in the manner pointed out by statute.

A verdict will not be set aside for the insufficiency of a declaration if it contain the substance of a good declaration and all the facts necessary to support a legal claim.

THIS was an action of assumpsit, in which the plaintiff declared as follows :—

'In a plea of the case for that, at Braintree aforesaid, on 'the 16th day of April, 1839, the said town, by their agents, 'Calvin Randall, John S. Nichols, and Charles Brackett, in 'consideration that he, the plaintiff, would setttle his the 'plaintiff's claim against the town, the town should pay him, 'the plaintiff, the sum of $27.50 ; and the plaintiff avers 'that he, relying on the promise of the town, by their agents 'aforesaid, did settle and adjust his claim with the town, by 'the said agents, and agreed to accept of said sum of money 'aforesaid, which said town, by their agents aforesaid, faith-'fully undertook and faithfully promised to pay, and as an 'acknowledgment of said debt or claim and settlement, the 'said town, by their agents aforesaid, gave him, the plaintiff, 'an order on the town for the same, in the words following, 'to wit, "Braintree, April 16, 1839. Mr. William Nichols, "town treasurer : Sir, please to pay to Curtis Battles twenty "seven dollars and fifty cents out of the town's money not

ORANGE,
*March,*
1842.

Battles
*v.*
Town of
Braintree.

" otherwise appropriated," signed by the said agents, which
' order he received of said agents as selectmen of said town,
' and the plaintiff further avers that he has presented said
' order to said Nichols, as treasurer, and demanded said sum
' of money in said order specified, and that the town, by their
' treasurer, refused and still doth refuse to pay said sum of
' money aforesaid, or any part thereof ; which is to the dam-
' age,' &c.

Plea, *non assumpsit.* Issue to the country.

On the trial in the county court, the plaintiff read in evidence the selectmen's order on the town treasurer mentioned in the declaration, its execution having been conceded, and he showed that, soon after its date, the order was presented to the treasurer and payment thereof was refused by him.

On the defence the following facts appeared. In June, 1838, one Newell Bass owned a piece of land in Braintree, on which, at his request, the selectmen altered the highway upon the condition that he should claim no damages, to which he consented. The selectmen surveyed this new highway, and it was made by the town the same season, and has been ever since travelled. Early in the spring of 1839, Bass sold and deeded the land to the plaintiff, and told the plaintiff there was a claim on the town for damages to the land in consequence of this new road, which, as part of the bargain, the plaintiff was to have the benefit of. No survey of the road had ever been recorded, nor any certificate of its having been opened, nor had the road been fenced out. In March, 1839, a new board of selectmen was chosen,. and the plaintiff applied to them to pay him damages by reason of said road, and he insisted on fifty dollars, and threatened to sue the town, or to fence up the road, unless he was settled with. The selectmen, not knowing of said agreement of Bass with the former selectmen, compromised with the plaintiff, and he agreed to receive, in satisfaction, twenty seven dollars and fifty cents, and for that sum said order was given, and thereupon the plaintiff made his fences on the sides of said new road.

Upon these facts the court instructed the jury that the plaintiff was entitled to a verdict, to which the defendants excepted.

After verdict for the plaintiff, the defendants moved in ar-

ORANGE,
*March*,
1842.

Battles
*v.*
Town of
Braintree.

rest of judgment, for the insufficiency of the declaration, which motion was overruled by the court, and to this, also, the defendants excepted.

*E. Weston* and *L. B. Vilas*, for defendants.

I. The defendants contend that the county court erred in the instructions given the jury, and that, from the facts proved, the plaintiff was not entitled to a verdict.

1. Bass, the owner of the land in 1838, having agreed with the selectmen that the road might be altered without damage, and the selectmen having, on the express condition that there should be no damages claimed or paid, surveyed and altered the road, and made it, and opened it, *in fact*, and the same being travelled by the public, the road then became, to all intents and purposes, a *public highway*, and the question of damages was forever settled, notwithstanding no record of the alteration was made.

2. The road in question, when Bass sold to plaintiff, was a *public highway* as much as it is now, as no record of the alteration has yet been made, and neither Bass nor the plaintiff had then any more right to *fence up* the road than plaintiff has now.

3. Bass, at the time he sold to plaintiff, clearly had no claim on the town for damages, and the plaintiff having purchased of Bass what he had, and *no more*, it is as clear that plaintiff had no equitable nor legal claim for damages, whatever claim he might have had on Bass for pretending there was such a claim.

4. The road having been surveyed, altered, made, opened, travelled, and become a public highway, and damages compromised in 1839, the new board of selectmen, appointed in March, 1839, as selectmen, had nothing to do with the question of damages, and what they did was *extra official*, and could not bind the town.

II. The defendants also contend that the county court erred in overruling the motion in arrest of judgment; and that the plaintiff's declaration is not sufficient to entitle him to a judgment.

There is no allegation that the town was liable to plaintiff.

There is no promise of the town distinctly alleged for any good consideration.

*L. B. Peck*, for plaintiff.

If the plaintiff cannot retain the verdict on the merits of the case, it is upon the ground either that the selectmen had no authority to bind the town by the order, or that the plaintiff was guilty of a fraud, or that the selectmen acted under such a *mistake* of the facts as avoids the contract.

1. As to the power of the selectmen. By the act of 1797 they are expressly authorized to agree on and settle all damages for laying out highways. Comp. Stat., p. 427, sec. 1. This power must be incident to the office independent of the statute.

2. There is nothing in the case tending to show any fraud in the plaintiff. When he purchased the land he was informed by the vendor that there existed a legal claim for damages, which claim, for aught that appears, he asserted in good faith ; and to prevent any further trouble to the town on the subject, the selectmen compromised the matter, by giving the order in suit.

On the execution of this order the plaintiff fenced out the road, and has permitted it to be travelled since that period.

3. If the agreement between the plaintiff's vendor and the former selectmen was a bar to proceedings under the statute, for the assessment of damages, yet there was no such *mistake* as avoids the order. If the selectmen who gave the order had no knowledge of the agreement, they had the means of knowledge, which is the same thing. *Clark* v. *Dutcher*, 9 Cowen, 674, and the authorities there cited. It was their duty to make inquiries of the former selectmen in relation to the matter, from whom they would ascertain all the facts. This they did not do, and the town cannot now say they are not liable. But what is conclusive on this point is the fact that the agreement with *Bass* did not conclude the plaintiff, as there was no road in contemplation of law. There was no survey, nor record of the opening of the road, as required by statute. Under these ciscumstances the plaintiff had a right to fence up the road, and, when legally opened, to claim damages. The settlement was a wise and judicious act on the part of the selectmen, and one with which the town ought to be satisfied.

4. As to the motion in arrest. This motion is founded upon the supposed insufficiency of the declaration. The

ORANGE,<br>*March*,<br>1842.<br><br>Battles<br>*v.*<br>Town of<br>Braintree.

declaration was evidently drawn in haste and without much care ; yet, its defects, it is believed, are cured by verdict.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The instruction of the court to the jury, that, on the facts stated in the exceptions, the plaintiff was entitled to recover, was undoubtedly correct.

The road had not been opened in the manner pointed out by statute, when the plaintiff purchased the farm of Bass. The plaintiff was told by Bass that there was a claim on the town for damages. Unless the road was opened in the manner pointed out by statute, the plaintiff could keep the road enclosed, unaffected by any previous conversation, or parol agreement, between Bass and the selectmen. It was competent for the selectmen to adjust the claim for damages, and draw an order therefor before opening the road, and this order, not having been paid, the plaintiff was entitled to recover of the town.

On the motion in arrest, we have only to remark, that, to enable the defendant to prevail, it must appear there was an omission to state, in the declaration, matters of substance, and which cannot be supposed to have been proved on the trial. This declaration is very loosely and inartificially drawn. It may be considered, however, as containing the substance of a good declaration, and all the facts which would be necessary to a recovery, if they had been properly set forth. The consideration of the promise, the authority of the agents who made the promise, the promise and the breach, are set forth, and, after a verdict, we are inclined to sustain it. The judgment of the county court is therefore affirmed.