## CHARLES M. SHERMAN v. HOLTON C. JOHNSON AND FRED JOHNSON.

*Pleading.   Amendment.   Waiver.   Parent.   Injury to Son.*
*Exemplary Damages.*

1. By pleading to the new counts, the defendants waived their right to move to dismiss them, on the ground that they embraced a new cause of action.

2. In an action brought by a father to recover for injuries to his minor son, caused by an assault and battery, which, it was alleged, resulted in the death of the son, whereby the father was deprived of his services, etc., the defendants requested the court to charge, that no recovery could be had for pecuniary injury resulting to the plaintiff by the death of his son, though caused by the wrongful act of the defendants; but the court refused the request, and charged that the plaintiff might recover for loss of services of his son until he would have been of age; *Held,* error; and that at common law the death of a human being affords no grounds for an action for damages.

3. EXEMPLARY DAMAGES.   In such case the father is not entitled to exemplary damages.

TRESPASS for an assault and battery, with a count in trespass *quare clausum.* The plaintiff after the second term filed an amended declaration in four counts. The defendants pleaded separately, the general issue, special pleas, and notice of special matter. These pleas were filed July 15, 1885. On September 12, 1885, the defendants filed a motion that the first and fourth counts of the amended decla-

ration be stricken out, because they were not for the same cause of action as the original declaration, and that the plaintiff be required to elect which of the counts of his original declaration he would go to trial on. The plaintiff thereupon gave notice that he abandoned his third count in the original declaration, and withdrew all claim for damages to his real estate. The court then overruled the motion as to the other branch thereof, and the defendants excepted. Trial by jury, September Term, 1885, VEAZEY, J., presiding. The first count in the original declaration was for assaulting and beating the plaintiff; the second count was in the trespass *quare clausum,* and for beating the plaintiff; third count was in trespass *quare clausum,* and for beating the plaintiff and his minor son. The third count also alleged that the plaintiff was compelled to expend $200 in curing his said son, and that he lost his labor, etc. In the first of the new counts it was alleged that, on August 25, 1884, the defendants assaulted and beat the plaintiff's minor son; that by reason thereof said son died on the 1st day of December, 1884; that he had been deprived of his said son's services, and that he expended large sums of money to cure his said son. In the second and third of the new counts there were allegations that the defendants assaulted and beat the plaintiff, and threatened to injure his property. The fourth count in the amended declaration was substantially like said first new count, except that it was alleged that the defendants assaulted and beat both the plaintiff and his minor son. The plaintiff claimed, and his evidence tended to show, that while he and his minor son, Lensey R., were at work in his field, the defendants, armed with stones and clubs, came upon them, and beat and wounded them; and, also, what he paid on account of the sickness and death of his son. A prominent issue was whether he died of meningitis caused by the blows received in the affray. The defendants pleaded self-defence, and their evidence tended to prove it.

The defendants requested the court to charge:

"1. That the withdrawal by the plaintiff of the counts in trespass *quare clausum fregit* leaves nothing in the case as a ground of recovery, except the charge of assault and battery of the plaintiff; and that no recovery can be had upon the counts which charge an assault upon Lensey R. Sherman, or of an assault and battery of Lensey R. Sherman and the plaintiff jointly; but that this action is confined to the charges of trespass against the person of the plaintiff."

" 16. If the death of Lensey R. Sherman was caused by the blow received in the affray upon the meadow, and the same resulted from an excess of force, or by the wrongful act of the defendants, no recovery can be had in this action for such pecuniary injury resulting from his death to the plaintiff."

· Charge of the court, in part:

" The plaintiff also claims to recover for the expense of the doctoring and attendance of his son, and for the expense of the medicine he bought for him, funeral expenses, and all those things growing out of the claims of the injury to the son. The total amount, as they figured up, is something like $147.00. Probably you remember what the figures were. He also claims to recover for the loss to him of the services of his son until he should attain his majority. He was then, I believe, about nineteen years old, and he was therefore under age, and the father is entitled to services of children until they arrive at their majority. He was at home and helped on the farm, and the kind of services which he rendered, about what he did, has been detailed in the testimony. If you find he was entitled to recover for this, it is for you to say what the plaintiff shall have for the services of his son until he should be twenty-one years old. In this whole claim I believe the plaintiff did not make any claim on account of doctor's bills for himself. All these expenses were in behalf of his son. This whole claim in

behalf of the son depends on whether the son's death was caused by the blow, the injury he received in this affray. It is denied by the defendants that he died of this injury, or from a sickness resulting from these injuries, and therefore his sickness and death had nothing to do with this affray. You have heard all the testimony on that point; it has been rather the burden of the testimony in this case."

*W. C. Dunton* and *J. C. Baker*, for the defendants.

The court erred in its charge in the following particulars:

1st. In charging that the plaintiff was entitled to recover.

(*a.*) For expenses of medical attendance and the funeral of his son.

(*b.*) For the services of his son until he arrived at the age of 21.

2d. For refusing to charge as requested that no recovery can be had in this action for damages resulting to the plaintiff from the *death* of Lensey R. Sherman. *Green* v. *R. R. Co.* 28 Barb. 9; S. C. 41 N. Y. 294; *Hyatt* v. *Adams*, 16 Mich. 181; *Carey* v. *Berkshire R. R. Co.* and *Skinner* v. *Housatonic R. R. Co.* 1 Cush. 475; *Kearney* v. *B. & W. R. R. Co.* 9 Cush. 108; *Waldo* v. *Goodsell*, 33 Conn. 432; *Insurance Co.* v. *Brame*, 95 U. S. 754.

3d. In its charge upon the subject of punitive or exemplary damages as applicable to the injuries to the plaintiff's son and his sickness and death. Sedg. Dam. (5 ed.) pp. 525, 526-532; *Wood* v. *Barker*, 1 Ala. Select Cases, 311; S. C. 37 Ala. 60; *Whitney* v. *Hitchcock*, 4 Denio, 461; *Cowden* v. *Wright*, 24 Wend. 429; *Stephenson* v. *Hall & Van Ornum*, 14 Barb. 222.

*Redington & Butler*, for the plaintiff.

The amendment did not set out a new cause of action. *Luce* v. *Hoisington*, 56 Vt. 437. But if it did, the defendants, by filing their pleas and justifying the assault, waived their right to claim under the motion. *Blodgett* v. *Skinner*,

15 Vt. 716. The allegation of assault upon the son is matter of aggravation. *Earl* v. *Tupper*, 45 Vt. 275. The gist of the action is not the death of the son. 23 N. Y. 465; 26 N. Y. 49; 20 Wend. 210; 16 Mich. 180; 3 Comst. 489; 31 Penn. St. 372; Sedg. Dam. (5 ed.) 644. The plaintiff can recover for medical attendance, funeral expenses. *Roedee* v. *Ormsby*, 22 How. Pr. 270; 13 Abb. Pr. 334.


The opinion of the court was delivered by

ROWELL, J. By pleading to the first and fourth new counts, the defendants waived their right to move to dismiss them as being for a cause of action not embraced in the original declaration.

Defendants requested the court to charge that no recovery could be had for pecuniary injury resulting to plaintiff by the death of his son, though caused by the wrongful act of the defendants; but the court refused to charge as requested, but charged that plaintiff might recover for loss of services of his son until he would have been of age. In this there was error, for the authorities are numerous and well-nigh uniform, that at common law the death of a human being, though clearly involving pecuniary loss, affords no ground for an action for damages. Cooley on Torts, 262; *Carey & Wife* v. *The Berkshire R. R. Co.* and *Skinner* v. *The Housatonic R. R. Co.* 1 Cush. 475; *Green* v. *The Hudson River R. R. Co.* 2 Keyes, 294; s. c. 28 Barb. 9; *Insurance Company* v. *Brame*, 95 U. S. 754, and cases *passim*.

The court charged that the jury might give exemplary damages on the ground of the beating of plaintiff's son. This was also error. Such damages would have been recoverable by the son, and are recoverable by his administrator— *Earl* v. *Tupper*, 45 Vt. 275—but they are not recoverable by the plaintiff; his recovery on this score is limited to actual damages. *Whitney* v. *Hitchcock*, 4 Denio, 461. If the rule were otherwise, the defendants might be twice subjected to

the payment of exemplary damages, and be liable to indictment besides.

Reversed and remanded.