# FRED M. WAITE v. ALONZO STARKEY.

## JANUARY TERM, 1896.

*Motion in arrest.    What question can be raised by.*

1.  A motion in arrest only reaches defects in the pleadings and verdict.
2.  Whether replevin will lie against an officer for property taken in execution cannot be raised by motion in arrest.

Replevin.   Plea, not guilty.   Trial by jury at the September term, Windham county, 1895, TYLER, J., presiding. Verdict and judgment for the plaintiff.   The defendant excepts.

*Clark C. Fitts* for the defendant.

*Waterman, Martin & Hitt* for the plaintiff.

The defendant cannot raise the question which he seeks to by motion in arrest.   Gould Pl., Chap. 10; *Battles v. Braintree*, 14 Vt. 348; *Closson* v. *Staples*, 42 Vt. 225; *Brown* v. *Hitchcock*, 28 Vt. 452; *Stearns* v. *Stearns*, 32 Vt. 678.

START, J.   The action is replevin for a horse taken by the defendant as deputy sheriff upon an execution against the plaintiff.   The only questions raised on the trial, and before verdict, were whether the plaintiff selected the horse as his team, and whether the same was turned out by him

to the defendant to be sold on the execution. The jury found these issues in favor of the plaintiff. After the verdict, and before judgment, the defendant moved in arrest of judgment, and that the suit be dismissed, because an action of replevin does not lie in favor of an execution debtor against an officer for property taken on execution.

The motion in arrest of judgment only reached defects in the pleadings and verdict. Gould's Pl., chap. 10; *Battles* v. *Braintree*, 14 Vt. 348; *Noyes, French & Pickett* v. *Parker*, 64 Vt. 379. The defendant does not claim that there were any defects in these. If the defendant's motion can be construed to be a motion to dismiss, then it was properly overruled. It was not seasonably filed, and it reached no defects that did not appear of record. The pleadings are not referred to, and we have not been furnished with a copy of them; but it is not claimed that they show that the defendant was an officer, or that he took the property upon an execution, nor is it claimed that there is any defect in the writ or declaration. The question that the defendant attempted to raise by his motion should have been raised before verdict, when the issue of fact could have been submitted to the jury.

*Judgment affirmed.*