## George W. Trow *vs.* William T. Thomas.

May Term, 1898.

Present: Taft, Rowell, Tyler, Munson, and Start, JJ.

*Evidence—Damages—Negligence for the Jury—Motions for Judgment non obstante and in arrest—Parents' Right to Recover for Damages through Injury to Minor Child.*

As bearing upon the question, how the defendant was driving when he ran over the plaintiff's child, it was competent for the plaintiff to prove that the defendant was training his horse in the streets for the races just prior to and at the time of the accident.

There was no error in admitting evidence that a child, walking hand in hand with the plaintiff's child, was also knocked down and injured at the same time, and its clothing spattered with blood which may have been that of the plaintiff's child.

As bearing upon the question of damages, it was legitimate for the plaintiff to show what he paid for the care of the child, such sums not being treated as recoverable as damages *eo nomine*.

Whether the plaintiff, the father of the child, would be chargeable with the negligence of the mother, if any, in letting the child attempt to cross the street at the time of the accident, is not considered, for, if he was chargeable, negligence was a question of fact, properly submitted to the jury, and was found by the jury in the plaintiff's favor.

As this court construes the charge, the jury were instructed, and correctly, that if the accident occurred through the defendant's horse becoming unmanageable without the defendant's fault, he would not be liable, but otherwise if it became unmanageable through his fault.

A judgment *non obstante veredicto* is never entered in favor of the defendant; but when the defendant has obtained a verdict under a plea in confession and avoidance and the matter of avoidance is insufficient in law, a judgment will be entered for the plaintiff upon the confession, notwithstanding the verdict.

In the present case the motion, although in form a motion for judgment *non obstante*, is in substance a motion in arrest of judgment, and is so treated.

A judgment cannot be arrested "because the evidence does not show any legal ground of recovery," but only for matters apparent of record, such as, "that the declaration does not set out any legal cause of action."

A parent may sustain an action for a tortious act of the defendant which results in injury to the child and loss to the parent through expense in the care and cure of the child and in fulfilling those obligations that the law imposes upon the parent, even though there be no loss of service.

Such damages are not those resulting from the death of the child, and the right of recovery is not affected by the death.

Damages resulting from the death, such as the expenses of burial and the loss of service between death and majority, are not recoverable.

*Sherman* v. *Johnson*, 58 Vt. 40, followed.

CASE for negligently driving over the plaintiff's child. Trial by jury, at the December Term, 1897, Caledonia County, *Thompson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The testimony of Mrs. Angell, referred to in the opinion, was that when she found her own child his clothing was soiled with road dust and stained with blood.

*Bates, May & Simonds* for the defendant.

*Taylor & Dutton* for the plaintiff.

TAFT, J. (1) As bearing upon the question of how the defendant was driving at the time of the accident, it was competent for the plaintiff to prove that the defendant was training his horse in the streets just prior to and at the time of the accident. If he was training his horse for the races it was more likely than otherwise he would be driving with rapidity at the time the accident occurred. It was proper to prove such fact. The fact was not collateral. His driving was a part of the same transaction as that which resulted in the accident. In this respect the case is distinguishable from that of *Nones* v. *Northouse*, 46 Vt. 587. This holding disposes of the question raised on reading the declaration, in admitting the testimony of the witnesses Rand, Stanford, and Stewart, and on the cross examination of the defendant.

(2) There was no error in admitting the testimony of Mrs. Angell. Her child was walking hand in hand with Ruth, the injured child. Both children were knocked down, and the witness's child was injured, although not seriously. Her testimony tended to show the fact of the accident and the nature of the injuries to Ruth, especially so if the blood on the child's clothing was the blood of Ruth.

(3) As bearing upon the question of damages it was legitimate for the plaintiff to show he employed his sister and the child's grandmother to care for the child, and the ruling of the court that the plaintiff would be liable to the latter for her services if it was mutually understood between them at the time she rendered them, that she was to be paid, was stating a well settled rule. We do not understand that the sums paid the respective persons named were allowed as damages *eo nomine*, but such payments were considered in determining the amount which the plaintiff was entitled to recover, *i. e.*, in finding what was just and reasonable. It was proper and legitimate for that purpose.

(4) The charge was excepted to because the court did not tell the jury that it was negligence *per se* for the mother to permit the child to be at the place of accident and that such negligence contributed to the accident and would bar a recovery. Under the facts stated in the exceptions, whether the mother was guilty of negligence, was not a question of law, but one of fact. The two children were walking a short distance in front of their parents, were on the sidewalk, and turned but a moment out of sight to reach the street crossing. The parents were undoubtedly well acquainted with the streets and whether there was much or little driving in them at that time of day. Whether the mother was imprudent in letting the child attempt to cross the street at the time, was a proper question to submit to the jury. Whether the plaintiff in this action is chargeable with the negligence of the mother, and whether the negligence of the mother, if any, was proximate or remote, we do not consider, but simply hold that the question of the mother's negligence, if any, was properly submitted to the jury.

(5) The defendant's testimony tended to show that his horse became unmanageable and he could not control it, and that the accident was unavoidable. The court charged that if the jury found "that without the fault of the defend-

ant, while he was exercising proper care in managing, controlling and restraining the horse, he became ungovernable and unmanageable and without the fault of the defendant, and as a result of such fright and the inability of the defendant to control the horse, the accident occurred, then the plaintiff cannot recover." In effect the charge was this, that if the horse became unmanageable without the fault of the defendant, he would not be liable, but if it became unmanageable through the fault of the defendant, he would be. This was correct, and we cannot infer, in order to reverse the judgment, that the jury misunderstood it or applied it erroneously.

(6) After verdict the defendant moved for judgment, notwithstanding the verdict, for two reasons, *first*, that the declaration does not set out any legal cause of action; *second*, because the evidence deduced at the trial does not show any legal grounds of recovery. This motion of the defendant cannot be treated as a motion for judgment *non obstante veredicto*, for the reason that such a judgment is never entered in favor of the defendant. From the nature of the motion it is entered for the plaintiff only. It was said in *Bradley* v. *Caswell*, 65 Vt. 231, that such a judgment was entered in *Hackett* v. *Hewitt*, 57 Vt. 442. One might infer this from the language used in the Hackett case, *i. e.*, that notwithstanding the verdict a judgment ought to be entered upon the motion for a judgment. The motion in fact was a motion in arrest "because it appears by the writ and declaration in said case that the plaintiff has no cause of action against the defendant." The court so held, and although there was a verdict in the cause for the defendant, entered judgment for the defendant because the plaintiff had not stated a cause of action in his declaration. This is quite different from a motion for a verdict *non obstante*, etc.

When the defendant has a verdict in those cases in which the plea confesses the cause of action but sets forth a defence insufficient to bar the action, and which clearly shows that

in any way of pleading the defendant has no merits, judgment may be entered for the plaintiff notwithstanding the verdict, and is entered upon the confession in the defendant's plea. Sometimes judgment *non obstante*, etc., is rendered for the plaintiff although the verdict be in his own favor; for, if in such case, as above described, he takes judgment as upon the verdict, it seems that such judgment would be erroneous, and that the only safe course is to take it as upon confession. *Dighton* v. *Bartholomew*, Cro. Eliz. 424.

Although the defendant moved for a judgment *non obstante*, one of the reasons which he assigns is, if sustainable, sufficient to arrest the judgment, and the motion may well be treated as a motion in arrest, which it is in substance. The second reason, "because the evidence adduced at the trial does not show any legal ground of recovery," is not tenable, for a judgment is never arrested save for matters apparent of record. *Noyes* v. *Parker*, 64 Vt. 379; *Waite* v. *Starkey*, 68 Vt. 181. But the first reason, "that the declaration does not set out any legal cause of action," is a proper matter to consider on motion in arrest, for if no cause of action is alleged, there can be no judgment, and this brings us to the question of the plaintiff's right to recover.

The question is presented whether the plaintiff can maintain an action against a person through whose negligence injuries are inflicted upon the plaintiff's infant child, too young to render service to its parent, to recover the necessary medical and other extra expenses in caring for the child until its death, such injuries resulting in death some months later. In cases of tort the general rule is that if one person is injured by the negligence of another, a recovery can be had in all instances whenever there is legal injury and actual damage as the result of the injury. To constitute a tort two things must concur—a wrongful act committed by the defendant, and proximate legal damage to the plaintiff. A master can maintain an action for the

beating of his servant *per quod servitium amisit. Mary's
Case,* 9 Coke 113. The loss of service is the cause of action.
The cases so holding are too numerous to need citation.
This doctrine also applies to actions brought by a parent
for injuries to his child when brought for loss of the
child's services. In such cases the right of action is founded
on the relation of master and servant and not on that of
parent and child and it applies in actions for seduction.

These actions are based upon loss of service to which the
master or parent is entitled. It is stated in some of the
books that a father cannot maintain an action for a battery
on his child unless he avers and proves a loss of service.
But this rule is not in accord with the law of tort which
gives a right of recovery for damages resulting from the
negligent act of another, and *Metcalf,* J., states in the
opinion in *Dennis* v. *Clark,* 2 Cush. 347, that the authorities
cited in support of such a rule do not support it. In that
case, the father recovered for his trouble and expense in the
care and cure of his child injured by a mischievous animal,
and a like recovery was had in *Durden* v. *Barnett,* 7 Ala.
169.

There is no reason why a parent cannot sustain an action
for the tortious act of a defendant, when the act results in
injury to the child and loss to the parent by being put to
damage and expense in the care and cure of the child and
fulfilling those obligations that the law imposes upon him in
respect to his children. The parent is under a legal liability
to take care of and support his infant children. There is no
reason why a parent can maintain an action to recover
damages sustained in the loss of service of his child that
does not apply with equal force in aid of a recovery for the
loss he is subjected to in nursing and caring for it when
injured by the defendant's negligence. Logically there is no
reason why he may not recover the damages he is subjected
to in respect to such nursing and care. We hold that he has
the right to recover such expenses necessarily sustained by

him during the life of the child. Such damages are not those resulting from the death of the child, such as the expense of the child's burial and the loss of services subsequent to its death, and his right to recover damages sustained prior to its death is not affected by the death of the child.

The plaintiff seeks further to recover the expense of providing suitable burial for the child. This he cannot do. For as said by *Rowell,* J., in *Sherman* v. *Johnson,* 58 Vt. 40, "Authorities are numerous and well nigh uniform that at common law the death of a human being affords no ground for an action for damages." In this latter cause, the plaintiff recovered in the court below his damages for the medical attendance upon his son during his sickness, the expense of his burial, and the services of his son had he lived from the time of his death until the age of twenty-one. There is no intimation in the case that there cannot be a recovery in a case like the one at bar. The court in that case were requested to charge that no damages could be recovered for the pecuniary injuries resulting from the death of the plaintiff's minor son. The request was denied, and a recovery permitted for the expense of caring for his son during life, his burial expenses, and his services until the age of twenty-one had he lived. The judgment was reversed. The court did not say that the plaintiff could not recover for his expense in the care for the child and in burying him, but said: "The court refused this request, but charged that the plaintiff might recover for loss of services of his son until he would have been of age. In this there was error for the authorities are numerous and well nigh uniform that the death of a human being, though clearly involving pecuniary loss, affords no ground for an action of damages." It is clear the court regarded the recovery of damages for the loss of services after death as the error. We hold that if a minor child is injured by the negligence of another, the father, who is under legal obligation to support the child, can maintain an action against the negligent person to recover

the necessary extra expenses he is put to in caring for the child in its injuries which proximately resulted from the negligent acts, and such recovery may be had although the child subsequently dies, limiting the recovery to damages sustained prior to the child's death.

It is difficult to perceive why, upon principle, the parent cannot recover the damages resulting from the death, e. g., the expenses of the burial and for the loss of service of his child after death and before majority. But the rule stated in *Sherman* v. *Johnson, supra,* has long been regarded as controlling all actions brought for damages resulting from the death of a person. Such has been the unvarying law in England from time immemorial, which originated in cases when the death was felonious, the offence capital, and the private injury merged in the public offense. Whether this rule ought to apply in cases of negligence not felonious, may be questioned, but such has been the settled doctrine in this country. *Ins. Co.* v. *Brame,* 95 U. S. 754. One of the cases holding otherwise is *Cross* v. *Guthery,* 2 Root, (Conn.) 90, in which a recovery was permitted by a husband against a surgeon whose negligence caused the death of the wife, for his costs, expenses and loss of society.

Considering the uniform decisions upon this question and the provisions made by our statutes for damages resulting from death, we do not depart from the rule stated in *Sherman* v. *Johnson, supra,* whatever view we might take of it if the case were of novel impression.

There was error in including in the judgment twenty-four dollars, the expenses which the jury found was the cost of the burial.

This disposes of all the questions argued.

> *Judgment reversed and judgment for the plaintiff to recover the amount of the verdict less the burial expenses of twenty-four dollars.*