STATE *v.* WILLIAM BURNS.

May Term, 1906.

Present: ROWELL, C. J., TYLER, WATSON, POWERS, and MILES, JJ.

Opinion filed November 20, 1906.

*Game Laws—Hunting Deer—Open Season—Motion for Verdict—Motion in Arrest of Judgment.*

Since No. 94, Acts 1896, prohibits the killing of wild deer at any time except in the open season, and No. 127, Acts 1904, limits the annual open season to the last week in October containing six working days, Sunday excepted, there is no merit in the respondent's claim that on December 7, 1905, there was no statute in this State making it illegal to then kill a wild deer.

Where a transcript of the evidence is not furnished, the Supreme Court cannot determine whether there was error in overruling the respondent's motion to direct a verdict of acquittal, on the ground that there was no evidence in the case tending to prove the crime charged; but nothing further appearing than that the respondent was convicted on instructions not excepted to, the presumption is that there was such evidence.

Judgment is never arrested except for matters apparent on the face of the strict record; hence, a motion in arrest of judgment, on the ground that there was no evidence tending to prove the crime charged, was properly overruled.

INDICTMENT for killing a wild deer during the closed season. Plea, not guilty. Trial by jury at the December Term, 1905, Lamoille County, *Munson,* J., presiding. The respondent excepted.

*Brigham & Start* for the respondent.

*F. G. Bicknell,* State's Attorney, for the State.

MILES, J. This is a prosecution by information against the respondent, charging him with hunting and killing a wild deer in this State, on the 7th day of December, 1905, contrary to law.

The case was tried by jury at the December Term, 1905, of Lamoille County Court. At the close of all the evidence, counsel for the respondent moved the court to direct a verdict for the respondent, for the reason that there was no evidence in the case tending to prove that a wild deer was killed by the respondent as alleged in the information; and that, if there was evidence in the case tending to show that fact, a verdict should have been directed for the respondent, because there was no statute of this State in force at that time prohibiting the killing of a wild deer. After verdict of guilty the respondent moved in arrest of judgment for the reasons set forth in his motion for a verdict.

The case was argued before us without a transcript of the evidence, and none has been furnished us since. Therefore we are unable to say, whether there was or was not any evidence tending to prove that a wild deer was killed as alleged in the information; but, in view of the fact that the jury have found the respondent guilty under the charge of the court,

18

which was not excepted to, nothing further appearing, the presumption arises that there was such evidence.

The remaining ground upon which the respondent bases his claim that a verdict should have been directed, is, that there was no statute of this State at the time of the alleged killing of the deer, prohibiting the killing of a wild deer. It seems to us that this question is not debatable. Sec. 1, No. 94 of the Acts of 1896, clearly makes it illegal to kill a wild deer at any time, except in the open season. No. 127 of the Acts of 1904 makes the last week of October in each year, containing six working days, an open season, Sunday excepted. December 7, 1905, the date when the deer was alleged in the information to have been killed, was not in the open season. Therefore the respondent's exception upon this point is not well taken, and there was no error in the court's refusal to direct a verdict for the respondent. This view of the law is in harmony with the holding of this Court in *State* v. *Niles,* 78 Vt. 266.

The respondent's motion in arrest, based upon the claim that there was no evidence tending to prove the charge alleged in the information, was properly overruled; for a judgment is never arrested, except for matters appearing of record. *Trow* v. *Thomas,* 70 Vt. 580; *Wait* v. *Starkie,* 68 Vt. 181; *Noyes* v. *Parker,* 64 Vt. 379; hence, if there had been no evidence tending to prove that the respondent hunted and killed a wild deer, as charged in the information, it was not error to deny his motion in arrest upon this ground.

The respondent's motion in arrest upon the ground that there was no law in this State, on the 7th day of December, 1905, prohibiting the hunting and killing of a wild deer, was properly overruled for the reasons already stated, viz.: that there was a law prohibiting that act.

*Judgment that there is no error in the proceedings below, and that the respondent take nothing by his exceptions. Let execution be done.*